C. V. NALLEY, Jr.

v.

A. C. ROSS, District Director of Internal Revenue.

Civ. A. No. 12986.

United States District Court
N. D. Georgia,
Atlanta Division.

Dec. 16, 1969.

Johnson, Harper, Daniel & Ward, Atlanta, Ga., for plaintiff.

Charles L. Goodson, U. S. Atty., Atlanta, Ga., for defendant.

### ORDER

HENDERSON, District Judge.

■ The plaintiff sought to enjoin the assessment of a deficiency for the taxable year 1962 resulting from the disallowance of a tentative loss carryback adjustment. However, the court finds that plaintiff does not fall within any exception to § 7421(a) of the Internal Revenue Code of 1954, 26 U.S.C. § 7421(a), and, therefore, is prohibited by that section from seeking an injunction.

Specifically, the issue before the court is whether § 6212(a) required the government to send a notice of deficiency to the taxpayer, thereby allowing him to litigate the assessment in the Tax Court of the United States, under § 6213(a), 26 U.S.C. § 6213(a), or whether the § 6213 (b) (2), 26 U.S.C. § 6213(b) (2), exception to the 90 day notice procedure was applicable, thereby relieving the government from the 90 day restriction on assessment, and forcing the taxpayer to pay the amount assessed and thereafter sue in the district court to get it back. The facts are undisputed, except as indicated below.

Plaintiff taxpayer filed his federal income tax return for the taxable years 1962 and 1965 with the Director of Internal Revenue for the District of Georgia. The 1965 return was a joint return, filed with his wife. It reflected a net operating loss of $124,881.65. On or about December 30, 1966, an Application for Tentative Carryback, form 1045, was filed, requesting that the 1965 operating loss be carried back to the taxable year 1962. It was claimed that this carryback would result in an overpayment of $53,028.79 for the taxable year 1962. Therefore, in connection with the application for tentative carryback, plaintiff taxpayer filed a Claim for Refund, form 83, which made a formal claim for the alleged overpayment. On or about February 20, 1967, a refund of taxes for the taxable year 1962, in the amount of $53,-028.79, was paid to the plaintiff taxpayer.

Without expressing any opinion as to the actual merits of the assessment, the court notes that the government claims, by affidavit of John B. Langer, Acting District Director of Internal Revenue, filed September 18, 1969, that an official audit of the taxpayer's 1965 individual income tax return resulted in a disallowance of certain business deductions claimed on the return. Because the disallowance of said deductions caused the refund of $53,028.79 to be erroneous, the Director of the Southeast Service Center, on August 8, 1969, determined that the refund be assessed as a deficiency. The taxpayer requested that his case be reviewed by the appellate division of the Internal Revenue Service, but the appellate division upheld the determination by the District Director that the 1965 business deductions should be disallowed and that the refund resulting from the net operating loss carryback was erroneous. The appellate division recommended that the erroneous refund, assessed as a deficiency, be treated as if it were due to a mathematical error appearing on the return, under § 6213(b) (2) of the Internal Revenue Code of 1954. The assessment was abated on September 5, 1969, by temporary restraining order entered by this court.

On June 4, 1969, the taxpayer had executed a Consent Fixing Period of Limitation upon Assessment of Income and Profits Tax, form 872, extending the period of limitation on assessment for the taxable year 1965 to December 31, 1969. His 1965 individual federal income tax return had been filed on July 18, 1966.

Taxpayer finds irreparable harm in the government's action, in that it forces him to pay the asssessment and litigate the issue of the deficiency in the district court. If, on the other hand, the government were forced to follow the provisions of § 6212(a), as taxpayer expects it to do, voluntarily, as to the taxable years 1964, 1965 and 1966, the taxpayer could then litigate the issue of the 1962 deficiency in the Tax Court of the United States. This would be advantageous to him because the tax years 1962 and 1965

have in common questions of law and fact. Taxpayer claims that these questions are so closely related that it will do irreparable harm to him if he is forced to litigate them separately, rather than at the same time and in the same court. On the other hand, the government claims that petitioner cannot suffer irreparable damage, because he will have his day in the district court. In essence, the government claims that it can use any procedure available to it, as long as it is in good faith in so doing.

Thus, the issue is simply whether the government can avoid the § 6212(a) and § 6213(a) 90 day notice of deficiency procedure by treating plaintiff's disallowed 1965 deductions as if they were "mathematical errors", under the provisions of § 6213(b) (2).

The pertinent statutes are, in pertinent part, as follows:

§ 7421. Prohibition of suits to restrain assessment or collection

(a) Tax.—Except as provided in sections 6212(a) and (c), 6213(a), and 7426(a) and (b) (1), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court * * *.

26 U.S.C. § 7421.

§ 6212. Notice of deficiency

(a) In general.—If the Secretary or his delegate determines that there is a deficiency in respect of any tax imposed * * *, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.

26 U.S.C. § 6212.

§ 6213. Restrictions applicable to deficiencies; petition to Tax Court

(a) Time for filing petition and restriction on assessment.—Within 90 days, * * * after the notice of deficiency authorized in section 6212 is mailed * * *, the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency.

Except as otherwise provided * * * no assessment of a deficiency in respect of any tax imposed * * * and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day * * * period, * * * nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court.

(b) Exceptions to restrictions on assessment.—

(1) Mathematical errors.—If the taxpayer is notified that, on account of a mathematical error appearing on the return, an amount of tax in excess of that shown upon the return is due, and that an assessment of the tax has been or will be made on the basis of what would have been the correct amount of tax but for the mathematical error, such notice shall not be considered as a notice of deficiency for the purposes of subsection (a) (prohibiting assessment and collection until notice of the deficiency has been mailed), * * * and the taxpayer shall have no right to file a petition with the Tax Court based on such notice, nor shall such assessment or collection be prohibited by the provisions of subsection (a) of this section.

(2) Assessments arising out of tentative carryback adjustments.—*If the Secretary or his delegate determines that the amount * * * refunded under Section 6411 is in excess of the overassessment attributable to the carryback with respect to which such amount was * * * refunded, he may assess the amount of the excess as a deficiency as if it were due to a mathematical error appearing on the return.* (emphasis added).

26 U.S.C. § 6213.

§ 6411. Tentative carryback adjustments

(a) Application for adjustment.—A taxpayer may file an application for a tentative carryback adjustment of the tax for the prior taxable year affected by a net operating loss carryback * * *. *An application under this subsection shall not constitute a claim for credit or refund.*

(b) Allowance of adjustments.— Within a period of 90 days from the date on which an application for a tentative carryback adjustment is filed under subsection (a) * * *, the Secretary or his delegate shall make, to the extent he deems practicable in such period, a limited examination of the application, to discover omissions and errors of computation therein, and shall determine the amount of the decrease in the tax attributable to such carryback upon the basis of the application and the examination * *. Such decrease shall be applied against any unpaid amount of the tax decreased * * * and any remainder * * * shall, within such 90 day period, be * * * refunded to the taxpayer.

26 U.S.C. § 6411.

Plaintiff taxpayer's contention is that he falls within the § 6212(a) exception to the § 7421 prohibition of suits to restrain assessment or collection. In other words, he contends that the Secretary or his delegate should notify him by registered mail that a deficiency has been assessed against him, in order to allow him 90 days to file a petition with the Tax Court for a redetermination of the deficiency. If he is correct, he then falls within the exceptions to § 7421, and may, therefore, enjoin the defendant from reassessing the refund, pending the determination by the Tax Court. However, it is the contention of the government that it has an entirely different method available to it in reassessing the refund. The government argues that § 6411 provides for a "quickie" refund method, which

requires it to refund requests for refund pursuant to tentative carryback adjustments within 90 days. It argues that the 90 day period is not and was not designed to be adequate to properly audit the records of the taxpayer to determine whether, as in this case, the deductions requested in the 1965 return of plaintiff taxpayer, were valid. In the case at bar, the government states that, when it completed the audit of taxpayer's records, it determined that the 1965 deductions which produced the net operating loss of $124,881.65 were invalid. As a result of the invalidity of the 1965 deductions, the tentative carryback of that loss was not effective, and a refund of $53,028.79 should not have been made to the taxpayer for the taxable year 1962.

The government then points to the specific language of § 6213(b) (2), which allows the Secretary or his delegate, in the event of a refund resulting from an excessive tentative carryback adjustment, to assess the amount of the excess as a deficiency " * * * as if it were due to a mathematical error appearing on the return". The procedure for correcting mathematical errors appearing on returns is found in § 6213(b) (1), and does not require the 90 day opportunity to the petitioner to sue in the Tax Court.

Therefore, because the reassessment of the tentative carryback adjustment can be applied as if it were a mathematical error, and because the § 6212 procedure does not apply in this case, the prohibition of § 7421(a) operates against plaintiff taxpayer's suit in this court. Accordingly, because suit is prohibited, this court has no subject matter jurisdiction of the action, and the motion to dismiss must be granted.

The court's decision is fortified by the fact that no irreparable damage will accrue to the taxpayer merely because he must pay the assessment and sue in the district court. See Flora v. United States, 362 U.S. 145, 80 S.Ct. 630, 4 L. Ed.2d 623 (1960).

An additional contention of plaintiff is that, even if the government may use the § 6213(b) (2) procedure, neither the District Director nor the Director of the Regional Service Center, under the authority of § 6213(b) (2), as amplified by Treasury Regulations § 301.6213–1 (b) (2); 26 C.F.R. § 301.6213–1(b) (2) ever made a determination that the amount refunded to the plaintiff, under § 6411, was in excess of the overassessment attributable to the carryback. The authorities which he cites establish his general proposition to be true, i. e., that one of these two individuals must make such a determination. Moreover, in the absence of determination by one of these two individuals, the amount may not be assessed "as a deficiency as if it were due to a mathematical error appearing on the return", under § 6213(b) (2).

However, plaintiff states in his SUMMARY ANALYSIS OF PLAINTIFF'S ARGUMENT OF OCTOBER 8, 1969, that:

> The District Director did make a determination in a letter issued February 26, 1969. A Xerox copy of the determination of February 26, 1969, signed by A. C. Ross personally is attached as exhibit "A" to this analysis.

In addition, plaintiff stated in his motion to produce, which that analysis accompanied: "The director of Internal Revenue actually determined that the 1962 refund should be assessed as a deficiency." Further, the affidavit of John Langer, acting District Director of Internal Revenue, states that the assessment of the erroneous refund as a deficiency was made on August 8, 1969, by the Director of the Southeast Service Center. This statement is not denied by the plaintiff. To the contrary, plaintiff has admitted that a determination that the refund should be assessed as a deficiency was made by the District Director, as quoted above.

Because of these admissions, the court is at a loss to understand why plaintiff taxpayer requests various documents on the grounds that they " * * * are essential in order to determine who actually has made the determination in ques-

tion and when that determination was made." (Brief in support of plaintiff's motion to produce). In this connection, however, the court notes that § 6213(b)(2) provides for essentially a two step process: First, the District Director or the Director of the Service Center must determine that the refund of 1962 taxes was, in whole or in part, in excess of that allowed as a result of the tentative carryback. The plaintiff has admitted this determination. Second, the Secretary or his delegate " * * * may assess the [refund] as a deficiency as if it were due to a mathematical error appearing on the return". In other words, if the first step of the process occurs, and determination is made, it automatically follows that the Secretary is permitted to treat the deficiency as if it were a mathematical error appearing on the return. Therefore, if the plaintiff is saying, as it appears in paragraph 11 of his complaint and in his September 23, 1969, motion to produce, with accompanying brief, that the statute requires that the Director must determine that the refund should be treated as a deficiency, he is incorrect. The statute provides that the Director may treat the refund as if it were a mathematical error appearing on the return, if he first determines that the refund is in excess of the overassessment attributable to the tentative carryback.

██ Plaintiff alleges that § 6532(b), 26 U.S.C. § 6532(b), limiting to two years the period during which the government may bring suits to recover erroneous refunds, bars the action taken by the Director. However, the taxpayer is incorrect in this contention, because § 6532(b) applies only to suits by the United States to collect erroneous refunds. Here, no suit has been filed by the United States. Moreover, § 6501(h) of the Internal Revenue Code of 1954 states that erroneous net operating loss carryback deficiencies may be assessed

within the period of the statute of limitations applicable to the year of the loss which caused the carryback. In this case, the loss claimed by the taxpayer occurred in the year 1965. The actual period of the statute was three years, under § 6501(a) of the Internal Revenue Code of 1954, 26 U.S.C. § 6501(a), to be computed from July 18, 1966, the date of filing for the year 1965. However, this date was modified by agreement, in which the taxpayer executed a Consent Fixing Period of Limitation upon Assessment of Income and Profits Tax, form 872, under § 6501(c)(4). By this agreement, according to the affidavit of Langer, referred to previously, the period of limitation on assessment for the taxable year 1965 was extended to December 31, 1969. Therefore, all actions taken by the Secretary and his delegates have been within the respective periods of limitation, as modified by agreement.

The plaintiff alleges in his complaint that the action of the Secretary and his delegates has been arbitrary and unreasonable. Paragraph 14, complaint. However, taxpayer does not allege that any action of defendant has violated the "good faith" rule of Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962).

██ In summary, the court is thoroughly convinced that defendant properly utilized the § 6213(b)(2) procedure of assessment arising out of a tentative carryback adjustment, and that the defendant need not have utilized the procedure as described in § 6213(a) and § 6213(b). Accordingly, § 7421 prohibits this suit to restrain assessment, thereby effectively depriving this court of jurisdiction over the subject matter of the action. Therefore, the action must be, and is hereby dismissed. Fed.R.Civ.P. 12(h)(3). The decision on the defendant's motion to dismiss obviates a decision on the plaintiff's motion to produce, which is hereby dismissed as moot.