STEPHEN B. SCHNEER AND NANCY K. SCHNEER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schneer v. Commissioner
Docket No. 24864-90
United States Tax Court
T.C. Memo 1993-372; 1993 Tax Ct. Memo LEXIS 379; 66 T.C.M. (CCH) 437; August 19, 1993, Filed *379 Decision will be entered for respondent. For petitioners: Richard L. Gold and Robert Sylvor. For respondent: Howard J. Berman. HAMBLEN
HAMBLEN
MEMORANDUM OPINION HAMBLEN, Chief Judge: Respondent determined deficiencies in petitioners' Federal income tax for the taxable years 1980, 1981, and 1982 in the amounts of $ 22,743, $ 25,568, and $ 38,443, respectively. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the taxable years at issue, and Rule references are to the Tax Court Rules of Practice and Procedure. After concessions, the sole issue for decision is whether respondent is barred by the statute of limitations from determining a deficiency resulting from her adjustment of a net operating loss deduction where the assessment period for the year in which the loss was generated is open by agreement, but the assessment periods for the years to which the loss was carried back have expired. This case was submitted fully stipulated under Rule 122. The stipulation and attached exhibits are incorporated by this reference. Petitioners resided in Croton-On-Hudson, New York, at the time the petition was filed in this case. Petitioners *380 timely filed their 1980, 1981, and 1982 tax returns with the Internal Revenue Service. Petitioners did not execute any consents to extend the time to assess tax with respect to their 1980, 1981, or 1982 income tax liabilities. Petitioners timely filed their 1983 income tax return. On the Schedule C of their 1983 tax return, petitioners claimed a loss in the amount of $ 250,000 relating to an alleged investment in Trend Coal. As a result of the claimed loss from Trend Coal, petitioners reported a net operating loss in the amount of $ 237,605 for the taxable year 1983. Petitioners, on April 18, 1984, filed an application for tentative refund seeking to carry back their claimed 1983 net operating loss to their 1980, 1981, and 1982 taxable years. Subsequently, the Internal Revenue Service allowed petitioners' application for tentative refund. On February 13 and February 18, 1987, petitioners and respondent, respectively, executed a special consent to extend the time to assess tax (Form 872-A) with respect to petitioners' 1983 tax liabilities. The Form 872-A stated, inter alia, that: Coal Operations The amount of any deficiency assessment is to be limited to that resulting *381 from any adjustment to: (a) items affected by the carryover or continuing tax effect caused by adjustments to any prior tax return, and, (b) any item of income, gain, loss, deduction or credit resulting from coal operations claimed on Form 1040, and including any consequential changes to other items based on such adjustment.
On August 7, 1990, respondent mailed notices of deficiency to petitioners relating to their 1980, 1981, and 1982 income tax liability. The entire amount of each of the deficiencies emanates solely from the net operating loss carrybacks claimed by petitioners from their 1983 taxable year. As of August 7, 1990, neither petitioners nor respondent had terminated the period of assessment governed by the Form 872-A that the parties executed in February 1987. On December 18, 1990, respondent executed and mailed to petitioners a notice of termination of special consent to extend the time to assess tax. In their petition, petitioners alleged that they properly claimed net operating loss carrybacks in 1980, 1981, and 1982 from their claimed net operating loss on their 1983 tax return. In the stipulation of settled issues filed by the parties on May 20, 1992, petitioners *382 conceded that they were not entitled to their claimed deduction of $ 250,000 in 1983 relating to Trend Coal and that the entire amount of the deficiencies in dispute for the taxable years 1980, 1981, and 1982 is a result of the $ 250,000 loss claimed by petitioners. Notwithstanding petitioners' concessions that they improperly claimed and carried back the $ 250,000 deduction, petitioners contend that respondent is barred by the general 3-year statute of limitations under section 6501(a) from determining a deficiency in their 1980, 1981, and 1982 income tax. Petitioners bear the burden of establishing that respondent's notices of deficiency are barred by the statute of limitations. Rules 39, 142(a); Amesbury Apartments, Ltd. v. Commissioner, 95 T.C. 227, 240-241 (1990); Schulman v. Commissioner, 93 T.C. 623, 639 (1989). Overriding our analysis in this case is the Supreme Court's admonition in Badaracco v. Commissioner, 464 U.S. 386, 392 (1984) (quoting Lucia v. United States, 424 F.2d 565, 570 (1973)) that "'limitations statutes barring the collection of taxes *383 otherwise due and unpaid are strictly construed in favor of the Government.'" See E.I. Dupont De Nemours & Co. v. Davis, 264 U.S. 456, 462 (1924). Section 6501(a) provides the general rule that a deficiency must be assessed within 3 years following the filing of the return. However, there are exceptions to this general rule. One such exception to the general rule is found in section 6501(c)(4), which provides that the taxpayer and the Secretary may agree in writing to an extended assessment period. [1]
*384 Additionally, section 6501(h) establishes an exception which extends the assessment period in situations where a net operating loss carryback is at issue. Section 6501(h) provides: In the case of a deficiency attributable to the application to the taxpayer of a net operating loss carryback * * *, such deficiency may be assessed at any time before the expiration of the period within which a deficiency for the taxable year of the net operating loss * * * which results in such carryback may be assessed.
Section 6501(h) thereby "permits the Commissioner to assess a deficiency stemming from a net operating loss carryback deduction at any time before the expiration of the limitations period for the taxable year in which the net operating loss was created." Smith v. Commissioner, 925 F.2d 250, 253 (8th Cir. 1991), affg. T.C. Memo. 1989-432. Petitioners contend that the general 3-year rule of section 6501(a), rather than the rule of section 6501(h), applies in this case. Specifically, petitioners contend that section 6501(h) does not apply when (1) respondent must rely upon an extension agreement entered into pursuant *385 to section 6501(c)(4) in order to make a deficiency determination, (2) the extension agreement is limited in scope, and (3) the limitations contained in the agreement do not include the carryback of any net operating loss arising from issues that are expressly left open to assessment by virtue of the terms of the extension agreement. In essence, petitioners contend that as a matter of law section 6501(c)(4) overrides the limitation period provided for in section 6501(h). However, petitioners presented no legal precedents or legislative history in support of their novel contention. Petitioners' contention that section 6501(h) does not apply to carryback years when the parties extend the assessment period of the loss year by agreement is without merit. Section 6501(h) contains no language indicating that it applies only when the assessment period for the loss year remains open by reason of the general 3-year limitations period of section 6501(a). The plain language of section 6501(h) provides that the determination as to whether the deficiencies are time-barred depends upon whether the period for assessing a deficiency for 1983 expired prior to the time the notices of deficiency *386 relating to the 1980, 1981, and 1982 tax years were mailed. In this case, it had not yet expired at the time the notices of deficiency were mailed. In Centennial Sav. Bank FSB v. United States, 887 F.2d 595 (5th Cir. 1989), affd. in part and revd. in part on other grounds 499 U.S.    , 111 S. Ct. 1512 (1991), the taxpayer, under facts similar to the case before us today, argued that assessment was barred by the statute of limitations because the assessment was for amounts attributable to the carryback years, which presumably were closed by the general 3-year limitations period, while the consent form concerned only tax due for the year the loss was generated. The court concluded that the taxpayer's argument was "in flat contradiction of the plain words of section 6501(h). Section 6501(h) makes the period of assessment for carryback years coterminous with the limitations period for the year giving rise to the loss." Id. at 599 (emphasis added). The court further reasoned that under section 6501(h), "when a taxpayer agrees under section 6501(c)(4) that the tax for the loss year may be assessed beyond the normal *387 three year period, he is automatically extending the limitations period for the assessment of that loss as applied to the carryback years." Id. (emphasis added). Petitioners have presented no sound reason for departing from the reasoning or holding in Centennial Sav. Bank FSB v. United States, supra.Section 6501(h) was intended to enlarge, not restrict, the Government's ability to assess tax deficiencies resulting from erroneously allowed carryback deductions. Smith v. Commissioner, supra at 254. Moreover, the courts addressing this specific issue have held that an agreement to extend the period of assessment for the year in which the loss was incurred also extends the period for assessment for the carryback years. Centennial Sav. Bank FSB v. United States, supra; Nalley v. Ross, 308 F. Supp. 1388, 1393 (N.D. Ga. 1969); In re Crist, 85 Bankr. 807, 815-816 (Bankr. N.D. Iowa 1988); see also Pesch v. Commissioner, 78 T.C. 100, 134 n.57 (1982). Petitioners' response to this line *388 of cases is merely that the cases were wrongly decided. Petitioners attempt to distinguish their case from the above precedents based on the wording of the Form 872-A agreement. In support of their position, petitioners argue that the language of the Form 872-A is "clear and unambiguous". We reject petitioners' argument that the Form 872-A was specifically limited to adjustments in their 1983 tax year. The plain language in the Form 872-A broadly extends the limitations period for "any item of income, gain, loss, deduction or credit resulting from coal operations claimed on Form 1040, and including any consequential changes to other items based on such adjustment." The disallowance of the net operating loss carrybacks claimed by petitioners, as a result of the losses they reported on their 1983 tax return from Trend Coal, is a consequential change and as such is specifically covered by the parties' extension agreement. See Bauer v. Commissioner, T.C. Memo. 1992-257 (a "consequential change" refers to "a change which occurs as a consequence of some specified antecedent action, or effect on an antecedent item"). Moreover, in the line of cases addressing *389 this issue, the wording of the extension agreements was of no consequence to the result of each case. The courts held as a matter of law that extending the limitations period of the loss year automatically extended the limitations period for the carryback years. Finally, relying on Calumet Industries, Inc. v. Commissioner, 95 T.C. 257 (1990), petitioners contend that section 6501(h) was meant only to address the net operating loss carryback case where, but for section 6501(h), respondent would have been barred by the general 3-year statute of limitations for the carryback year before the events giving rise to the net operating loss occurred. Petitioners rely exclusively on the Court's statement that "Section 6501(h) was meant to address the typical NOL carryback case -- where, but for section 6501(h), the limitations period for the year to which an NOL is carried back would expire before the limitations period for the year the NOL is incurred." Id. at 278. Petitioners' reliance on this statement is misplaced for at least two reasons. First, petitioners inaccurately contend that such statement is based on the legislative *390 history of section 6501(h). To the contrary, there is no such limiting language in the legislative history. Secondly, petitioners attempt to take the statement out of context. In Calumet Industries, the entire analysis of section 6501(h) revolved around the conclusion that section 6501(h) was enacted to enlarge, not shrink, the assessment period. In Calumet Industries, the taxpayer incurred a loss in its 1981 tax year which it carried back to its 1979 tax year. Subsequently, the taxpayer extended the Commissioner's time to assess the tax with respect to its 1979 tax year by means of a general extension agreement. The Court, therefore, addressed the issue of whether the Commissioner was barred from assessing a deficiency attributed to a net operating loss carryback where the year for which the loss is carried back and for which the deficiency was determined is open by agreement, but the assessment period for the year in which the loss arose has expired. The Court noted that "if the year in which the NOL arose is open, then the year to which the NOL is carried back is also open for purposes of assessing a deficiency attributable to the carryback." Calumet Industries, Inc. v. Commissioner, supra at 272. *391 We find nothing in Calumet Industries, Inc. v. Commissioner, supra, which would contravene our holding today. Based on the above analysis, we hold that, since petitioners' 1983 taxable year was open for assessment on the date the notices of deficiency were mailed with respect to their claimed losses from Trend Coal, the deficiencies asserted for petitioners' 1980, 1981, and 1982 years, relating exclusively to the net operating loss carrybacks, were also open for assessment. To reflect the foregoing, Decision will be entered for respondent. Footnotes
1. Sec. 6501(c)(4) provides: (4) Extension by agreement. -- Where, before the expiration of the time prescribed in this section for the assessment of any tax imposed by this title, except the estate tax provided in chapter 11, both the Secretary and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon.↩