ROBERT F. WEYHER AND NAOMI F. WEYHER, PETITIONERS *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 227-74.   Filed August 2, 1976.

*Elliott Lee Pratt,* for the petitioners.
*Charles R. Brown,* for the respondent.

FAY, *Judge:* Respondent determined deficiencies in petitioners'
Federal income tax as follows:

| | |
|---|---|
| 1969 | $11,542.47 |
| 1970 | 2,530.31 |
| 1971 | 2,175.55 |

Concessions having been made, it remains for us to decide
whether on the sale of certain realty petitioner recovered
interest which he had prepaid on the purchase of the realty and
deducted; and if so, whether the amount recovered must be
returned to income under the tax benefit rule.

### FINDINGS OF FACT

Petitioners Robert F. and Naomi F. Weyher, husband and
wife, filed joint Federal income tax returns for the years in issue
with the Western Region Service Center, Ogden, Utah. They
resided in Salt Lake City, Utah, when they filed their petition in
this proceeding.

During the years in issue petitioners reported income ac-
cording to the cash receipts and disbursements method of
accounting.

On December 22, 1967, Robert F. Weyher (hereinafter peti-
tioner) entered into a contract with the Otto Buehner & Co.
Profit Sharing Trust (hereinafter Buehner Trust) to purchase
certain real property known as the Griffin Wheel property.

The contract stated that the total purchase price was to be
$125,000. This was to be paid in part by petitioner's assuming an
unpaid trustee balance owing to the Walker Bank in the amount

of $29,892.19. The remaining unpaid principal of $95,107.81 was to be paid to the Buehner Trust in equal monthly installments beginning January 1, 1971, with the final payment to be made on December 31, 1985.

Interest on the outstanding balance was to accrue from December 22, 1967, at 6½-percent per annum. The parties agreed that the total amount of interest that would accrue on the outstanding balance over the life of the contract was $42,336. This amount was to be prepaid by petitioner in two installments: $21,000 on December 22, 1967, and $21,336 on December 22, 1968.

Although the contract for purchase called for interest payments totaling $42,336, only $42,000 was in fact paid. Petitioner prepaid interest and claimed corresponding deductions of $21,000 in 1967 and $21,000 in 1968. After an initial challenge to such deductions, respondent conceded the propriety of the amounts claimed.

On February 28, 1969, petitioner entered into a contract to sell the Griffin Wheel property to Weyher Construction Co., a corporation in which petitioner owned 77 percent of all outstanding shares, and of which he was currently serving as president. The remaining 23 percent was owned in small amounts by various employees of the corporation.

The contract provided that in consideration for the property the buyer, Weyher Construction Co., would assume the remaining unpaid trustee balance owing to the Walker Bank in the amount of $21,028.06. Additionally, the buyer was to assume the payments owing under the contract between petitioner and the Buehner Trust in the amount of $95,107.81, upon which all interest had already been paid. Lastly, the buyer was to pay $53,700.13 (which included $2,500 in legal fees) by paying $6,700.13 down, and the remainder in 60 monthly installments at 7½-percent per annum interest. Apart from the legal fees, the total consideration to be received for the property was $167,336.

At the time of the sale of the Griffin Wheel property to Weyher Construction, $7,350.66 of the $42,000 total amount of interest prepaid by petitioner on his obligation to the Buehner Trust had actually accrued. This left $34,649.34 of such interest remaining unaccrued on the date of sale.

Using the installment method [1] of reporting income, petitioner reported gains from the sale of the property in the amount of $53,749.94 as long-term capital gain.

## OPINION

The issue presented is whether on the sale of certain realty petitioner recovered interest which he had prepaid on the purchase of the realty and deducted; and, if so, whether the amount recovered must be returned to income under the tax benefit rule.

At the outset it should be noted that situations involving prepaid interest increasingly have become the object of our scrutiny, as well as that of the Congress. See *James V. Cole,* 64 T.C. 1091 (1975); see also H. Rept. No. 10612, 94th Cong., 1st Sess., sec. 205 (1975); H. Rept. No. 94-658, 94th Cong., 1st Sess. 97 (1975).

Under the tax benefit rule, an amount properly offset against gross income in determining one year's tax liability is includable in gross income when it is recovered in a subsequent year. *Alice Phelan Sullivan Corp. v. United States,* 381 F.2d 399, 401-402 (Ct. Cl. 1967). It is respondent's position that the unaccrued portion ($34,649.34) of the interest prepaid by petitioner and offset against gross income in determining his tax liability [2] was subsequently recovered during the years in issue.

In December 1967, petitioner entered into a contract for the purchase of real property, under the terms of which he was to assume an unpaid obligation of the seller and was to prepay approximately $42,000 in interest. As he reported income according to the cash receipts and disbursements method of accounting, these interest payments were deducted by him in the years paid. In February 1969, petitioner sold the property pursuant to a contract under whose terms the consideration he was to receive was essentially identical in character and amount to that which he had recently paid in purchase of it. On the date of sale, $34,649.34 of the interest which had been prepaid remained unaccrued.

---

[1] See sec. 453, I. R. C. 1954, as amended.

[2] So far as can be ascertained from the record, the interest expenses incurred by petitioner were completely offset against his gross income in determining his tax liability. In any event, the total absence of evidence to the contrary permits us no other conclusion. *Welch v. Helvering,* 290 U.S. 111 (1933).

Petitioner maintains that the price at which he sold the property was intended to reflect the fair market value of the property, not fixed so as to reimburse him for any part of the interest which he had prepaid when purchasing the property.

A comparison of the contracts of the 1967 purchase and the 1969 sale, however, reveals that the selling price in the latter equaled the sum of the purchase price in the former, plus the interest prepaid thereon. The parties to the latter contract were petitioner and a corporation in which he held a 77-percent equity interest. In view of the close relationship between these parties, we are inclined to discount the degree to which the parties were influenced by the fair market value of the property in setting the purchase price. Rather it appears that the parties intended to reimburse petitioner for the costs incurred in acquiring the property.[3] Among these was the interest which was prepaid on one of the obligations to which the property was subject, a substantial portion of which ($34,649.34) remained unaccrued.

We therefore hold that a portion of the selling price was intended by the parties as a reimbursement for the unaccrued portion of the interest prepaid by petitioner when he purchased the property.[4] Having ascertained that this was so, we must determine the extent to which the reimbursement provided for

---

[3] This may be illustrated by the following. The consideration to be paid by petitioner in purchase of the property from the Buehner Trust was as follows:

| $29,892.19 | _____ | Assumption of unpaid trustee balance owing to Walker Bank |
| 95,107.81 | _____ | Balance to be paid in installments over 15 years |
| 42,336.00 | _____ | Prepaid interest on principal balance |
| 167,336.00 | _____ | Total |

The consideration received by petitioner on the subsequent sale to Weyher Construction Co. was as follows:

| $21,028.06 | _____ | Assumption of remaining trustee balance owing to Walker Bank |
| 95,107.81 | _____ | Assumption of principal balance owing to Buehner Trust |
| 51,200.13 | _____ | Balance to be paid in installments over 15 years |
| 167,336.00 | _____ | Total |

The remaining $51,200.13 balance to be paid in installments on the second sale is equal to the amount by which the Walker Bank obligation had been reduced by petitioner, $8,864.13, plus the amount of the prepaid interest, $42,336.

[4] An examination of the surrounding circumstances convinces us that the events are sufficiently related so as to identify the reimbursement as emanating from the same transaction that generated the deduction. See *Lloyd H. Faidley,* 8 T.C. 1170 (1947); cf. *Merton E. Farr,* 11 T.C. 552 (1948), affd. sub nom. *Sloane v. Commissioner,* 188 F.2d 254 (6th Cir. 1951); see also *Dobson v. Commissioner,* 320 U.S. 489 (1943).

in the contract was "recovered" by petitioner during the years in issue.

Under the terms of the contract of sale, petitioner was to receive consideration from the corporation in the form of a small amount of cash, assumption of various liabilities, and a note. The reimbursement for prepaid interest provided for in the contract of sale must be allocated pro rata among each of these three items. To the extent the reimbursement is allocated to the cash, it must be deemed to have been recovered when the cash was received.

For the purpose of applying the tax benefit rule, a recovery need not be in the form of a receipt of cash. For instance, in *Bear Manufacturing Co. v. United States,* 430 F.2d 152 (7th Cir. 1970), cert. denied 400 U.S. 1021 (1971); and *Mayfair Minerals,* 56 T.C. 82 (1971), affd. per curiam 456 F.2d 622 (5th Cir. 1972), a termination of a liability was considered to constitute a recovery. Precedents of long standing equate the assumption of a liability with its termination for the purpose of computing the amount realized on the sale of property subject to the liability assumed. *Crane v. Commissioner,* 331 U.S. 1, 13 (1947); *United States v. Hendler,* 303 U.S. 564, 566 (1938); *Teitlebaum v. Commissioner,* 346 F.2d 266, 269 (7th Cir. 1965), affg. a Memorandum Opinion of this Court; *Malone v. United States,* 326 F.Supp. 106, 112-113 (N.D. Miss. 1971), affd. per curiam 455 F.2d 502 (5th Cir. 1972); *Walter F. Haass,* 37 B.T.A. 948 (1938). In our opinion, therefore, the assumption of a liability may constitute a recovery for purposes of the tax benefit rule. In this instance, to the extent the reimbursement for prepaid interest is allocated to the assumption of the liabilities, it must be deemed to have been recovered when the liabilities were assumed.

Petitioner has elected to report income from the note in installments pursuant to section 453. For the purpose of reporting the part of the reimbursement allocated to the note, that part should be apportioned ratably among the several installments in accordance with the method employed by respondent in his statutory notice of deficiency.

*Decision will be entered under Rule 155.*