GORDON A. SCHLIFKE AND ADELE J. SCHLIFKE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schlifke v. Commissioner
Docket No. 1122-89
United States Tax Court
T.C. Memo 1991-19; 1991 Tax Ct. Memo LEXIS 23; 61 T.C.M. (CCH) 1697; T.C.M. (RIA) 91019; January 22, 1991, Filed *23 Decision will be entered for the respondent. Terry A. Ickowicz, for the petitioners. Carol Mason, for the respondent. TANNENWALD, Judge. TANNENWALD
MEMORANDUM OPINION Respondent determined a deficiency in petitioners' Federal income tax for the year 1983 in the amount of $ 44,450. The issue for decision is whether petitioners realized discharge of indebtedness income from the discharge of a second deed of trust, or in the alternative, whether the tax benefit rule applies to the deductions taken in the taxable years 1980 through 1983 for interest expense and finance charges paid during those years. All of the facts have been stipulated, and the stipulation of facts and accompanying exhibits are incorporated herein by reference. At the time of the filing of their petition, petitioners maintained their legal residence in Los Angeles, California. In or about June 1977, petitioners purchased a single-family dwelling located at 4022 Morningstar Drive, Huntington Beach, California (Morningstar property), for $ 315,000. On June 26, 1980, petitioners obtained a loan from Republic Home Loan (Republic) in the amount of $ 225,000. The loan was secured by second deed of *24 trust on the Morningstar property. The real estate loan disclosure statement executed by petitioners with regard to the second deed of trust states that the interest rate on the loan is 24.2 percent. The borrower's escrow instructions with regard to the second deed of trust states that the interest rate on the loan is 19 percent. In 1980, petitioners agreed to repay, and had every intention of repaying, the full amount of the principal and interest on the second mortgage. The terms of the second mortgage were that petitioners would make 59 monthly payments of interest only to Republic with a final balloon payment of principal and interest due in 5 years at the maturity of the loan. During the taxable years 1980 through 1983, petitioners paid Republic interest and finance charges totalling $ 140,625 and deducted such amounts to the extent paid in each of those years. Petitioners do not dispute that they received the full tax benefit of these deductions. In or around February 1983, petitioners were advised that Republic had failed to make the necessary loan disclosures as required by the Truth in Lending Act, see 15 U.S.C. sec. 1601 et seq. (1988), and Regulation Z, see 12 C.F.R. *25 sec. 226 (1983). The statute gave petitioners the continuing right to rescind the loan and the deed of trust, on account of such failure, for a period of 3 years after the granting of the loan, but required petitioners, as a condition of rescission, to repay to Republic the amount of the principal sum advanced to them, less any payments made by them. In or about May 1983, petitioners paid Republic $ 84,375, the amount agreed to by petitioners and Republic, to accomplish the rescission. This figure was calculated as follows: Initial principal amount
$ 225,000
Less:
Principal payments
0     Finance charge,
commissions, fees
$ 34,895 30 interest pay-
ments at $ 3,562
106,860 Adjustments
(1,130)
Total Paid
140,625
Amount paid by petitioners for rescission
$  84,375
Petitioners argue that their deductions for interest were properly taken in respect of an obligation extant during the years paid, that the act of rescission was totally independent of such obligation, that the requirement that the amounts previously paid be subtracted from the amount to be repaid represented a penalty imposed on Republic, that their obligation *26 was reduced by the Truth in Lending Act, supra, and that, as a result of the foregoing considerations, they did not receive any income by way of discharge of indebtedness or any recovery so as to bring the tax benefit rule into play. Respondent asserts that petitioners realized income from discharge of indebtedness in the amount of $ 140,625, representing the principal of the Republic loan in the amount of $ 225,000 less the $ 84,375 which was paid in May 1983 to discharge the obligation. Alternatively, respondent asserts that if we hold that petitioners did not have discharge of indebtedness income, then the previous deductions for interest expense and finance charges, totalling $ 140,625 for the taxable years 1980 through 1983, constitute a tax benefit when these payments were applied against principal in 1983, the recovery of which is taxable under the tax benefit rule. For the following reasons, we sustain respondent on the basis of his alternative argument. The issue of income from discharge of an indebtedness for less than its face amount is, to say the least, controversial. See Zarin v. Commissioner, 92 T.C. 1084 (1989), revd. 916 F.2d 110 (3d Cir. 1990). Since *27 we conclude that respondent's determination should be sustained under the tax benefit rule, we find it unnecessary to cut our way through the thicket of subissues which inhere in that controversy, such as the presence of a liquidated, as distinguished from an unliquidated, indebtedness, and the enforceability of the underlying obligation, i.e., whether it is void or voidable and the impact of the element of rescission thereon. See Zarin v. Commissioner, 916 F.2d at 115-117 and 92 T.C. at 1095-1096 and 1100-1104 (dissenting opinion and cases discussed therein); Main Properties, Inc. v. Commissioner, 4 T.C. 364, 379-380 (1944). We therefore turn to respondent's alternative argument, namely, the application of the tax benefit rule. The focal point for resolution of this issue is the Supreme Court's formulation in its opinion in Hillsboro Nat. Bank v. Commissioner and United States v. Bliss Dairy, Inc., 460 U.S. 370, 75 L. Ed. 2d 130, 103 S. Ct. 1134 (1983) (a case which inexplicably is not cited by either party): The basic purpose of the tax benefit rule is to achieve rough transactional parity in tax * * * and to protect the Government and the taxpayer from the adverse effects of reporting a *28 transaction on the basis of assumptions that an event in a subsequent year proves to have been erroneous. Such an event, unforeseen at the time of an earlier deduction, may in many cases require the application of the tax benefit rule. We do not, however, agree that this consequence invariably follows. Not every unforeseen event will require the taxpayer to report income in the amount of his earlier deduction. On the contrary, the tax benefit rule will "cancel out" an earlier deduction only when a careful examination shows that the later event is indeed fundamentally inconsistent with the premise on which the deduction was initially based. That is, if that event had occurred within the same taxable year, it would have foreclosed the deduction. In some cases, a subsequent recovery by the taxpayer will be the only event that would be fundamentally inconsistent with the provision granting the deduction. In such a case, only actual recovery by the taxpayer would justify application of the tax benefit rule. * * * [460 U.S. at 383-384; fn. refs. omitted.]
See also Rojas v. Commissioner, 90 T.C. 1090, 1097-1098 (1988), affd. 901 F.2d 810 (9th Cir. 1990). Despite petitioners' *29 contrary assertion, we think it clear that there was a recovery of the amounts previously deducted by way of a constructive repayment by Republic through the crediting of an amount equal thereto against the principal of the indebtedness. White v. Commissioner, 34 B.T.A. 424 (1936), affd. sub nom. Walker v. Commissioner, 88 F.2d 170 (5th Cir. 1937). Cf. Weyher v. Commissioner, 66 T.C. 825, 829 (1976). In 1983, when petitioners exercised their right of rescission, all previously paid finance charges and interest payments were applied against principal; this unforeseen event is clearly "fundamentally inconsistent with the premise on which the deduction was initially based." Thus, even in the absence of a recovery, the tax benefit rule as formulated in Hillsboro would apply since any deduction would clearly have been foreclosed if the payment and crediting had taken place in the same year. [1] We hold that, under the tax benefit rule, petitioners had taxable income in 1983 in the amount of $ 140,625 representing the previously deducted interest and finance charges which were applied against the repayment in 1983. *30 Decision will be entered for the respondent. Footnotes
1. This coincidence of payment and crediting in fact occurred in 1983 in respect of interest paid in that year.↩