GRACE CLARK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Clark v. Commissioner
Docket No. 7349-76.
United States Tax Court
T.C. Memo 1978-276; 1978 Tax Ct. Memo LEXIS 243; 37 T.C.M. (CCH) 1178; T.C.M. (RIA) 78276; July 24, 1978, Filed Grace Clark, pro se. Philip A. Kaiser, for the respondent. GOFFE
MEMORANDUM OPINION GOFFE, Judge: The Commissioner determined the following deficiencies in petitioner's Federal income taxes: Taxable Year
Deficiency
1973
$ 400.00
1974
634.87
Due to concessions the issues remaining for our decision are: *244 (1) whether petitioner is entitled to deduct commuting expenses incurred during the taxable years 1973 and 1974; (2) whether petitioner is entitled to a deduction for expenses incurred for the purchase of clothing, boots, and uniforms; and (3) whether petitioner is entitled to a deduction under section 165(c)(3), Internal Revenue Code of 1954, [1] for losses sustained due to theft for the taxable years in issue. All of the facts have been stipulated and are incorporated by this reference. The case comes before us pursuant to Rule 122, Tax Court Rules of Practice and Procedure.
Miss Grace Clark, herein petitioner, resided at Gloucester, Massachusetts, at the time she filed her petition in the instant case. She filed her Federal income tax returns for the taxable years 1973 and 1974 with the Director of the Andover Service Center, Andover, Massachusetts. For the taxable years in issue petitioner was employed as a fish worker for Seafood Kitchen, Inc., in Gloucester, and her duties involved working on a production line sorting defective pieces of frozen fish. The *245 nature of her job required petitioner to purchase uniforms, rubber boots, and rubber gloves. Petitioner resided approximately 7 to 8 miles from Seafood Kitchen, Inc. She is deaf and therefore unable to obtain a driver's license. Consequently, petitioner commuted to and from her job by taxicab, the only mode of transportation available to her in the area of her residence. For each of the taxable years in issue petitioner spent $ 1,600 for taxiab fares. In addition, petitioner suffered losses during the taxable years in issue due to the burglary of her residence. These losses included damage to her residence and the theft of her personal belongings. Petitioner deducted the following amounts: Nature of
Taxable Deduction
Year
Amount
Commuting Expenses
1973
$ 1,600
1974
1,600
Clothing, boots &
uniforms
1973
0
1974
600
Casualty loss
1973
700
1974
1,500
The Commissioner, in his statutory notice of deficiency, disallowed the deduction for the cost of petitioner's taxicab fares to and from her employment at Seafood Kitchen, Inc., during the taxable years in issue in their entirety. Further, the Commissioner denied the deduction for clothing, *246 boots and uniforms for the taxable year 1974, however; respondent now concedes that petitioner is entitled to a deduction for uniforms and boots in the amount of $ 200 in both 1973 and 1974. Finally, the Commissioner denied the casualty loss deductions in their entirety. Respondent now concedes that petitioner is entitled to a deduction for such losses in amounts of $ 350 for the taxable year 1973 and $ 700 for the taxable year 1974. The first issue for our decision is whether petitioner is entitled to deduct taxicab fares paid during the taxable years in issue for the purpose of commuting to and from the location of her residence and place of employment. Under the provisions of section 162 amounts spent for travel directly related to a taxpayer's trade or business are deductible. Sec. 1.162-2(a), Income Tax Regs. However, in Commissioner v. Flowers,326 U.S. 465 (1946), the Supreme Court held that the cost of commuting to and from the taxpayer's place of employment was a nondeductible expense. Section 1.262-1(b)(5), Income Tax Regs., which provides that "the taxpayer's costs of commuting to his place of business or employment do not qualify as deductible expenses, *247 " is consistent with the holding in Flowers. The fact that no other public transportation was available to petitioner and the fact that petitioner was unable to obtain a driver's license due to deafness does not diminish the application of Flowers in the instant case. Accordingly, we sustain respondent's determination that the commuting expenses incurred by petitioner during the taxable years in issue are nondeductible in their entirety. The next issue for our decision is whether petitioner is entitled to deduct the cost of clothing, boots and uniforms as an ordinary and necessary business expense pursuant to section 162. Section 162 allows a deduction for the costs of acquiring and maintaining uniforms if the uniforms are specifically required as a condition of employment and are not of the type adaptable to use as regular clothing. Roth v. Commissioner,17 T.C. 1450 (1952). Petitioner has failed to carry her burden of proof in this regard. Moreover, petitioner has failed to substantiate the amount of her expenditures for these items. Accordingly, we sustain respondent's determination with respect to this deduction to the extent that it exceeds the amount *248 conceded by respondent. The final issue for our decision is whether petitioner is entitled to a deduction for losses of property due to theft pursuant to section 165(c)(3). Respondent concedes that petitioner sustained losses due to theft during each taxable year in issue. However, as respondent argues, petitioner must prove the amount of such losses in order to prevail. Teitelbaum v. Commissioner,346 F.2d 266 (7th Cir. 1965), affg. a Memorandum Opinion of this Court. Petitioner has been unable to establish these amounts in excess of respondent's concessions and we, therefore, sustain respondent's determination regarding this issue.
Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩