OPINION. Black, Judge: Petitioners received the sum of $3,802.50 in 1946 from the American Woolen Company which represented $58.50 for each of their 65 shares of 7 per cent cumulative preferred stock. The respondent determined that the $3,802.50 was payment to petitioners of accumulated dividends and was taxable as ordinary income. The petitioners contend that since the company effected a Plan of Recapitalization in 1946, the payment to them of the accumulated unpaid dividends on their 7 per cent cumulative preferred stock was made out of capital of the company and was not taxable. Petitioners did not participate in the exchange of their 7 per cent cumulative preferred stock but chose to retain their stock and collect the accumulated and unpaid dividends. Section 115 (a) defines a dividend as follows: SEC. 115. DISTRIBUTIONS BY CORPORATIONS. (a) Definition of Dividend. — The term “dividend” when used in this chapter * * * means any distribution made by a corporation to its shareholders, whether in money or in other property, (1) out of its earnings or profits accumulated after February 26,1913, or (2) out of the earnings or profits of the taxable year (computed as of the close of the taxable year without diminution by reason of any distributions made during the taxable year), without regard to the amount of the earnings and profits at the time the distribution was made. Under section 115 (a) of the Code, when distributions are made from the earnings and profits of the distributing corporation accumulated after February 28,1913, or from the current year’s earnings or profits, they are classified as dividends and are fully taxable. Bazley v. Commissioner, 331 U. S. 737. The American Woolen Company as of December 31, 1945, had earnings and profits accumulated since January 1, 1941, amounting to $20,239,187.23. The earnings and profits of the company for the year ended December 31,1946, amounted to $23,098,178.13. The total accumulated earnings and profits of the American Woolen Company as of December 31, 1946, amounted to $43,337,365.36 before diminution by any distributions made by the company during the year 1946. The total amount of distributions made by the company to all stockholders of all classes of stock during the year 1946 amounted to $23,602,665.66. The sum of $3,802.50 received by the petitioners in 1946 from the American Woolen Company is a taxable dividend within the broad scope of the definition of a dividend as defined by section 115 (a) of the Internal Revenue Code. The Commissioner determined that since the petitioners did not include the sum of $3,802.50 received from the American Woolen Company during the taxable year 1946 in their gross income on their income tax return, the deficiency in the tax could be assessed and collected within 5 years from the date the return was filed as provided by section 275 (c) of the Code. The petitioners contend that the 5-year statute of limitations is not applicable as they reported the receipt of the $3,802.50 on an enclosure to their 1946 return. In reporting gross income on their 1946 income tax return, the petitioners reported $5,283.68, 25 per cent of which is $1,320.42. The amount of income omitted from gross income in dispute here is the $3,802.50 received from the American Woolen Company. The fact that the petitioners attached a schedule to their return stating that they had received this amount but that such amount was not taxable does not relieve them from the effect of having omitted this amount from their gross income. In Estate of C. P. Hale, 1 T. C. 121, the receipt of a certain amount was omitted from gross income on the return and reported in a separate schedule attached to the return and defined as a capital receipt. The Court in holding that the 5-year statute of limitations under section 275 (c) was applicable said at page 124: The amount was treated as a capital receipt. It was reported as such and not as income received. Failure to report it as income received was an omission resulting in an understatement of gross income in the return. The effect of such designation and failure to report as income was in substance the same as though the items had not been set forth in the return at all. * * * See also Katharine C. Keteham, 2 T. C. 159, affd. 142 F. 2d 996. Therefore, since the petitioners omitted from gross income an amount in excess of 25 per cent of the gross income disclosed on their return, the income tax for the year 1946 is assessable and collectible within 5 years from the date the return was filed. The respondent disallowed losses claimed on petitioners’ tax return of $468.83 representing losses on wash sales of securities. Respondent contends that no loss is allowable under section 23 (e) (2), Internal Revenue Code, and a deduction is allowable under 23 (f) only for dealers in securities, but petitioners are not dealers. Neither evidence nor argument was presented by petitioners who have the burden of proof and respondent’s determination is therefore sustained. Decision will be entered for the respondent.