Abraham **TEITELBAUM**, Petitioner,

v.

**COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.**

No. 14808.

United States Court of Appeals
Seventh Circuit.

May 25, 1965.

Rehearing Denied June 18, 1965.

Abraham Teitelbaum, Chicago, Ill., for petitioner.

Louis F. Oberdorfer, Asst. Atty. Gen., Tax Div., Jonathan S. Cohen, Lee A. Jackson, David O. Walter, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before SCHNACKENBERG and CASTLE, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge.

Taxpayer, Abraham Teitelbaum, petitions this court for review of a decision of the Tax Court determining his liability for income taxes for the years 1952 to 1956, inclusive. He challenges particularly the determinations relating to the applicability of the statute of limitations; to partnership status claimed by him; to the amount of capital gain on sale of an interest in a building; and to disallowance of certain deductions.

1. *Statute of Limitations*

It is conceded that the Commissioner gave timely notice of assessment of deficiences for the years in issue. Where the original notice of assessment was timely mailed and the petition based thereon was filed within the allowed time, expiration of the statutory period of limitations does not bar assertion of claims for additional deficiencies in the pleadings prior to hearing if, as it appears from the record submitted by Taxpayer on review, the claims could have been asserted in the original notice of deficiency. Liebes v. Commissioner of Internal Revenue, 63 F.2d 870, 871, 872, 92 A.L.R. 938 (9th Cir. 1933); Weaver v. Commissioner of Internal Revenue, 25 T.C. 1067, 1086 (1956); and see Deakman-Wells Co. v. Commissioner of Internal Revenue, 213 F.2d 894, 898 (3rd Cir. 1954).

2. *Partnership Status*

Taxpayer contends that he and his former wife, Esther Melnick Teitelbaum, were in partnership under the name of Teitelbaum and Melnick—his wife using her maiden name in this enterprise—for the purpose of conducting

the practice of law and operating a date ranch during the years in issue.

It has been determined in other tax proceedings that Taxpayer was a member of said partnership during earlier years up to and including 1951. See Teitelbaum v. Commissioner of Internal Revenue, decided by the Tax Court January 29, 1960 (P–H Memo T.C. par. 60,011), affirmed 294 F.2d 541 (7th Cir. 1961), cert. denied 368 U.S. 987, 82 S. Ct. 603, 7 L.Ed.2d 525, rehearing denied 369 U.S. 842, 82 S.Ct. 866, 7 L.Ed.2d 846. Taxpayer submits that this determination is res judicata as to the partnership issue in the instant action, or that it estops the Commissioner from denying a partnership status for the years 1952 through 1956 because no showing has been made of termination of the status. Further, he claims that the evidence of record before the Tax Court requires a finding that he was a member of the partnership during the years in issue.

■ For purposes of computation of income tax liability, the existence of a partnership rests on a showing of an intent of the parties thereto to join together for the purpose of carrying on a partnership and to share in its profits and its losses. Wellington v. Commissioner of Internal Revenue, 196 F.2d 421, 423 (7th Cir. 1952); Commissioner of Internal Revenue v. Culbertson, 337 U.S. 733, 69 S.Ct. 1210, 93 L.Ed. 1659 (1949). No estoppel arises from a determination of partnership status in other taxable years. Each year gives rise to a separate issue as to status to be decided on the facts as found to exist in that year and the law applicable thereto. Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948).

The Tax Court based its finding that Taxpayer was not a partner on these facts which are not disputed: Following a separation in 1949, the marriage of Taxpayer and Esther Melnick Teitelbaum was terminated by divorce in March 1952. Shortly thereafter Taxpayer married his present wife, Shyrl Teit-

elbaum. Petitioner was a resident of Chicago, Illinois, during the years 1944 to 1956, inclusive. Esther Melnick Teitelbaum lived in Chicago until late in 1947 when she moved to California. In 1948 Taxpayer and his former wife purchased a date ranch near Indio, California. His former wife used this property as her personal residence and lived there with her four minor children from the time of acquisition up to and including the year 1956.

Petitioner testified that his former wife and purported partner wrote some briefs, advised clients, and researched law during the years 1952 through 1956. He offered evidence that she drew six checks in the total amount of $5,887 on the account of Teitelbaum and Melnick during a two months' period from April 9, 1953 to June 16, 1953, and that partnership income tax returns were filed for the years 1952 through 1956.

In arriving at the ultimate finding that Taxpayer was not a partner during the years in issue, Judge Dawson of the Tax Court was of the opinion that Taxpayer's testimony on this issue was "scanty, vague, and unconvincing as to any legal services performed by Esther Melnick in the alleged partnership * * *." He characterized the documentary evidence submitted by Taxpayer as subject to varying interpretations.

■ The filing of partnership returns for the years in issue and withdrawal by Taxpayer's former spouse of almost $6,000 from a joint account in a two months' period in one year do not necessarily tend to show an intent to conduct a joint business and to share equally in its profits and losses in a five-year period. This money could have been withdrawn for many purposes other than distribution of profits of the partnership. Consideration of the portions of the record and other documentary evidence submitted on review supports Judge Dawson's opinion. The credibility of the witnesses and the weight of the evidence are for the trier of facts. Wellington v. Commissioner of Internal Revenue, 196 F.2d 421, 424 (7th Cir.

1952); Wisconsin Memorial Park Co. v. Commissioner of Internal Revenue, 255 F.2d 751, 753 (7th Cir. 1958). The determination of the Tax Court that Taxpayer failed to sustain his burden of showing the existence of a partnership by credible, probative evidence was clearly warranted on this record. In this respect it may be noted, for example, that Taxpayer claimed burglary loss in an amount of $50,000 but offered no proof as to the value of the purportedly missing fur pieces and did not report a loss of cash to the police.

3. *Capital Gain on Sale of Interest in Building*

Taxpayer sold his one-half interest in the Fine Arts Building in the year 1952. At the time of the sale, the property was held in trust by the Exchange National Bank of Chicago as trustee for the benefit of Taxpayer and his wife and for the persons holding the other one-half beneficial interest. Sale was by transfer of trust shares. The purchaser acquired his interest in the property subject to an outstanding mortgage. In determining the amount of capital gain on the transaction, the Commissioner included one-half of the amount of the mortgage in the sum of $294,000 in the amount realized from the sale. The Commissioner also included $35,083 paid by the purchaser, but later determined to be overcharges for which Taxpayer was liable.

Taxpayer contends that inclusion of the mortgage value in the computation of capital gain for the year 1952 is erroneous in that, under Illinois law, the sale of the beneficial interest in the property must be deemed a transfer of personalty, not realty, and that the mortgage, therefore, is not considered part of the purchase price.

The nature of the property sold is not determinative for purposes of computing capital gain under federal income tax law. Relief from an outstanding mortgage constitutes an economic benefit to the seller when the property is sold subject to the mortgage. The amount realized on the sale included the mortgage debt, of which Taxpayer has been relieved. Crane v. Commissioner of Internal Revenue, 331 U.S. 1, 12–14, 67 S.Ct. 1047, 91 L.Ed. 1301 (1947).

Although he was later held liable for the overpayment he received from the purchaser, Taxpayer received the overpayment in the year 1952 under claim of right. A later determination that he was not entitled to the money does not avoid its inclusion as part of the amount realized on the transaction in the year 1952. United States v. Lewis, 340 U.S. 590, 71 S.Ct. 522, 95 L.Ed. 560 (1951).

4. *Deductions*

Taxpayer challenges the disallowance of various items of deduction claimed by him.

The item of farm losses was purportedly sustained in the operation of a date ranch operated on the property used by Taxpayer's former wife as a home for herself and the children. Description of the property indicates that a substantial portion thereof was devoted to luxurious residential accommodations. The date ranch has been operated at a loss in every year since its acquisition by the Teitelbaums in 1948. Taxpayer has offered no evidence from which it may be concluded that he had any expectation of profit from this venture. A profit motive is an important indication of the existence of a business. White v. Commissioner of Internal Revenue, 227 F.2d 779 (6th Cir. 1955), cert. denied 351 U.S. 939, 76 S.Ct. 836, 100 L.Ed. 1466. He furnished no schedules of farm income or expenses for the years in which he claims he sustained losses. On review, Taxpayer has failed to point out evidence that he spent time and exercised managerial functions with respect to the operation of the farm or that would prove that any ascertainable loss was actually sustained. Under these circumstances, the determination that Taxpayer was not engaged in the business of date farming and that he is, therefore, not entitled to deduction of

claimed losses incident thereto is warranted. Teitelbaum v. Commissioner of Internal Revenue, 294 F.2d 541, 545 (7th Cir. 1961), cert. denied 368 U.S. 987, 82 S.Ct. 603, 7 L.Ed.2d 525, rehearing denied 369 U.S. 842, 82 S.Ct. 866, 7 L. Ed.2d 846. See Higgins v. Commissioner of Internal Revenue, 312 U.S. 212, 61 S.Ct. 475, 85 L.Ed. 783 (1941); International Trading Co. v. Commissioner of Internal Revenue, 275 F.2d 578 (7th Cir. 1960).

■ In 1952, Taxpayer bought the stock of the Metropolitan Radio Corporation of Chicago, Inc., for about 10 cents on the dollar as an accommodation to the owners. He was aware that the corporation had a bleak financial outlook. Taxpayer advanced over $48,000 to pay expenses of this corporation which was adjudicated bankrupt on April 18, 1952. In the list of claims filed in the bankruptcy is an item described as loans by Taxpayer in the amount of $71,213.18. Taxpayer claims as a business loss for the year 1952 the advances made by him in an unspecified amount.

The record furnishes no basis for a finding that this was a business loss, since it has not been shown that Taxpayer was in the business of making loans or operating radio stations. See Whipple v. Commissioner of Internal Revenue, 373 U.S. 193, 83 S.Ct. 118, 10 L.Ed.2d 288 (1963). Prior disallowance of the loss for the year 1951 does not establish that a deductible loss in any certain amount was sustained in the following year.

■ Interest and taxes paid by Taxpayer, which he claims should have been allowed as deductions, relate either to property owned by his present wife or to the tax liabilities of his former wife. Having filed an individual return, Taxpayer cannot deduct items relating to the property of his spouse. See Magruder v. Supplee, 316 U.S. 394, 396, 62 S.Ct. 1162, 86 L.Ed. 1555 (1942); Small v. Commissioner of Internal Revenue, 27 B.T.A. 1219 (1933). Taxpayer was under no obligation to discharge the tax

liabilities of his former wife and is not entitled to deduct any payments made by him in respect thereto. Miller v. Commissioner of Internal Revenue, 150 F.2d 823 (2d Cir. 1945); Arcade Realty Company v. Commissioner of Internal Revenue, 35 T.C. 256 (1960).

■ Taxpayer claims casualty losses by burglary and theft for the years 1952 and 1953. On review, Taxpayer has not pointed to any evidence, such as cost or fair market value of the items, to establish the amount of claimed losses. Disallowance of these deductions for want of probative proof was proper.

Fair consideration of Taxpayer's argument, briefs, and record submitted on appeal, which are wanting in clarity and completeness, has failed to disclose reversible error in the Tax Court's determinations. Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960); Smith v. Commissioner of Internal Revenue, 331 F.2d 298, 300 (7th Cir. 1964). Its decision must be and it is hereby affirmed.