ROBERT C. SUTTON and DOROTHY C. SUTTON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sutton v. Commissioner
Docket No. 144-74.
United States Tax Court
T.C. Memo 1975-222; 1975 Tax Ct. Memo LEXIS 151; 34 T.C.M. (CCH) 975; T.C.M. (RIA) 750222; July 7, 1975, Filed Robert C. Sutton, pro se. Thomas G. Schleier, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined a $2,622.85 deficiency in petitioners' Federal income tax for 1971. The only issue presented herein is whether petitioners are entitled to a theft loss deduction of $9,979.52 for the year in issue. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulations of facts and attached exhibits *152 are incorporated herein by this reference. Robert C. Sutton (hereinafter referred to as petitioner) and Dorothy C. Sutton, husband and wife, filed a joint Federal income tax return for 1971. At the time they filed their petition herein, petitioners resided in Peoria, Illinois. During 1967, petitioner owned a business known as Virginia's Coin Shop (hereinafter the coin shop). On Sunday April 30, 1967, a quantity of coins was removed from the safe located in the shop. Petitioner first told the police that he had gone to the store on that Sunday morning and found the safe locked and its door intact, but upon opening it, he discovered all the coins were missing. Later that Sunday, he told an acquaintance, Officer Green of the Peoria police, that his shop had been robbed of approximately $16,000 in coins and that entry had apparently been made by someone using a key. Subsequent to his conversation with Officer Green, petitioner contacted a man he believed had robbed his shop. He took this man to the shop where the man broke a window, knocked a hole in the door, and broke into the safe. Petitioner then took this man home and returned to his own home, setting off the alarm to which *153 the police responded as he left the shop. Petitioner later told the police about this action, elaborating on his earlier story. On the afternoon of that Sunday, the Peoria police responded to a call from a protection alarm in the coin shop, finding the safe open and empty. The police also found evidence of a forced entry; the safe itself had been "[punched] out" and a hole had been knocked in the door leading to the room. On June 5, 1967, the police concluded their investigation and reported that the claimed burglary was unfounded. Petitioner's insurance coverage limit was $7,500. Although he filed a claim with his insurance company, petitioner never received any payment. His last communication with the company was in the latter part of 1969. On their 1967 income tax return, petitioners did not claim a theft loss deduction, but noted: Burglary Loss - 4/16/67 [1] * * * $9,979.52 * * *. This loss expected to be recovered by insurance but not received as yet. On their 1971 income tax return, petitioners deducted the $9,979.52, attaching the following explanation: Burglary loss at Virginia's Coin Shop April 16, 1967, a business operated at that time by Robert C. Sutton. This *154 loss was mentioned on my 1967 Income Tax Return but no loss was taken as it was expected to be recovered by insurance. However as I have not been able to recover from my insurance company, I am now claiming this loss which amounted to $9,979.52. OPINION Petitioner claims a theft loss deduction in 1971 pursuant to sections 165(a) and (c)(1). [2] He has the burden of proving: (1) that his property was stolen, (2) the amount of loss he sustained thereby, and (3) that 1971 was the proper year to take the deduction. We have considerable difficulty in concluding on the basis of the record before us that a burglary in fact occurred. Petitioner produced no corroborating evidence for his claim. Indeed, the evidence of his failure to convince the police or the insurance company and the absence of any satisfactory explanation of his action in having his shop vandalized on the day of the purported burglary point in the opposite *155 direction. In this connection, we recognize that the absence of a criminal conviction is not determinative. Michele Monteleone,34 T.C. 688, 694 (1960). The second necessary element, namely, proof of the amount of the deduction to which he would be entitled, if a burglary, in fact, occurred, has not been shown. Section 165(b); sections 1.165-8(c) and 1.165-7(b), Income Tax Regs. Petitioner's submission of a six-page list of coins allegedly lost is simply insufficient to carry his burden of proof. See Teitelbaum v. Commissioner,346 F.2d 266, 270 (7th Cir. 1965), affg. a Memorandum Opinion of this Court. Finally, petitioner has not satisfied us that 1971 was the proper year for the deduction. Section 1.165-1 (d)(3), Income Tax Regs. provides: Any loss arising from theft shall be treated as sustained during the taxable year in which the taxpayer discovers the loss (see § 1.165-8, relating to theft losses). However, if in the year of discovery there exists a claim for reimbursement with respect to which there is a reasonable prospect of recovery, no portion of the loss with respect to which reimbursement may be received is sustained, for purposes *156 of section 165, until the taxable year in which it can be ascertained with reasonable certainty whether or not such reimbursement will be received. Even if we assume that "a reasonable prospect of recovery" existed prior to 1971, we would have no basis to conclude that in 1971 it could "be ascertained with reasonable certainty" that no reimbursement would be received. Compare Katherine Ander,47 T.C. 592, 596 (1967); Louis Gale,41 T.C. 269, 275-276 (1963). Petitioner last communicated with his insurance company in the latter part of 1969. He testified that he heard nothing from them between that time and the end of 1971 and that he claimed the deduction in 1971 simply because his accountant advised him that if he did not take it then he would lose it since the statute of limitations would run out. Decision will be entered for the respondent.
Footnotes
1. The police reports and the stipulation specify the date of April 30, 1967. The discrepancy in dates is unexplained.↩
2. All section references herein are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in issue.↩