PICHAI P. WICHACHEEWA AND ORANUCH WICHACHEEWA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wichacheewa v. Commissioner
Docket No. 24905-81.
United States Tax Court
T.C. Memo 1983-392; 1983 Tax Ct. Memo LEXIS 395; 46 T.C.M. (CCH) 666; T.C.M. (RIA) 83392; July 7, 1983. Pichai P. Wichacheewa, pro se. Karen J. Goheen, for the respondent. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: Respondent determined a deficiency of $521.00 in petitioners' 1978 Federal income tax. After concessions, the sole issue for decision is to what extent petitioners are entitled to a deduction for a theft loss under section 165(a). [1]
Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners, [2] husband and wife, resided in Strongsville, Ohio, when they filed their 1978 Federal income tax return with the Internal Revenue Service Center at Cincinnati, Ohio, and resided in North *397 Royalton, Ohio, when they filed their petition in this case. On August 28, 1978, petitioner ordered a new 1978 Cadillac Seville automobile for personal use (hereinafter "the automobile") from Potamkin Cadillac Corporation in New York City. The price of the automobile was $16,287.00, exclusive of sales tax, license fees, and inspection fees. Petitioner took delivery of the automobile on September 1, 1978. Five days later, on September 6, 1978, the automobile was stolen. Petitioner was insured against the automobile's theft by Allstate Insurance Company (hereinafter "Allstate"). Petitioner promptly filed a claim for reimbursement with Allstate. On January 14, 1979, Allstate settled petitioner's claim by paying him $14,021.00. Allstate determined this settlement amount by reducing the fair market value of the automobile as of the date of theft by both the $200.00 deductible amount required under the terms of petitioner's insurance policy and by an additional 5% of fair market value for depreciation incurred between the date of theft and the date of settlement. On their 1978 Federal *398 income tax return, petitioners claimed a deduction for theft loss in the amount of $2,370.00 under section 165(a). [3] This amount represented the purchase price of $16,491.00 (inclusive of sales tax, license fees, and inspection fees), less the $14,021.00 reimbursement by Allstate and the $100.00 exclusion required by section 165(c)(3). *399 In his notice of deficiency, respondent sserted that the fair market value of the automobile on the date of theft was $14,932.05. This amount was determined by adding back both $200.00 (the insurance deductible) and $711.05 (the interim depreciation amount previously subtracted by Allstate in arriving at the settlement value) [4] to the settlement amount of $14,021.00, for a total of $14,932.05. From this $14,932.05 figure for fair market value at date of theft, respondent subtracted both $14,021.00 (the non-deductible portion of the loss attributable to petitioner's reimbursement by Allstate) and $100.00 (the section 165(c)(3) exclusion amount). Respondent allowed the remainder of $811.05 as a deduction under section 165(a). *400 Respondent maintains that petitioner's deduction under section 165(a) is limited to the difference between the fair market value of the automobile as of the date of theft and the amount compensated by Allstate, less the exclusion of section 165(c)(3). Petitioner asserts that his deduction can include the large difference between his purchase price for the automobile and the amount received from Allstate, less the exclusion of section 165(c)(3). In the alternative, petitioner argues that, even if date of theft value is the appropriate minuend, the figure selected by Allstate and adopted by respondent is incorrect. resolution of this dispute requires both an application of section 165 and an examination of valuation evidence. Section 165(a) sets forth the general rule that any uncompensated loss shall be allowed as a deduction. Section 165(c) provides various limitations on the deductibility of losses of individuals. The relevant portion of section 165(c)(3) permits a deduction for a personal casualty or theft loss only to the extent such loss exceeds $100.00. In addition to the exclusion of section 165(c)(3), section 165(b) further limits deductibility by restricting the *401 valuation of any loss. It provides that the amount of any loss deducted pursuant to section 165(a) shall be the adjusted basis provided in section 1011 for determining loss upon sale or other disposition of property. While the language of section 165(b) may seem simple, it is deceptive. The use of adjusted basis for loss determination purposes is appropriate only where that figure bears some relation to value. This is not the case in petitioner's circumstances because depreciation deductions and basis reductions reflective of declining worth are not allowed or allowable against personal-use property. Where basis does not function as an indicator of value, a more realistic measure of loss is required. Therefore, the statutory standard of section 165(b) has been amplified by applicable regulations and case law. See sec. 1.165-8(c), Income Tax Regs.; Helvering v. Owens,305 U.S. 468 (1939). [5] Thereunder, the measurement for loss to personal-use property is the lesser of adjusted basis or fair market value immediately prior to the loss. *402 The rationale for this expansion of the literal language of section 165(b) was explained by the Supreme Court as early as 1939. In its opinion in Helvering v. Owens[6], the Court stated: The income tax acts have consistently allowed deduction for exhaustion, wear and tear, or obsolescence only in the case of "property used in the trade or business." The taxpayers in these cases could not, therefore, have claimed any deduction on this account for years prior to that in which the casualty occurred. For this reason they claim they may deduct upon the unadjusted basis,--that is,--cost. As the income tax laws call for accounting on an annual basis; as they provide for deductions for "losses sustained during the taxable year"; as the taxpayer is not allowed annual deductions for depreciation of non-business property; as [section 165(b)] requires that the deduction shall be on "the adjusted basis provided in [section 1011]", thus contemplating an adjustment of value consequent on depreciation; and as the property involved was subject to depreciation and of less value in the taxable year, than its original cost, we think [section 165(b)] must be read as a limitation upon the *403 amount of the deduction so that it may not exceed cost, and in the case of depreciable non-business property may not exceed the amount of the loss actually sustained in the taxable year year, measured by the then depreciated value of the property. In the case before us, it is undisputed that the automobile depreciated in value between the dates of purchase and of theft. Therefore, regardless of what figure is accepted as fair market value immediately prior to theft, any such number will necessarily be lower than petitioner's purchase price. Where this is true, the lower amount is determinative and petitioner's cost basis is irrelevant. Accordingly, we reject petitioner's argument that basis is the proper starting point for loss determination. Having concluded that fair market value is necessary to the measurement of petitioner's loss, we now turn to the valuation issue. In this regard, Allstate's opinion in reaching an insurance settlement is not conclusive of value for tax purposes. Farber v. Commissioner,57 T.C. 714 (1972). [7] However, even petitioner's own evidence of value does not advance his cause here. Petitioner has submitted *404 figures from the "Red Book," [8] a recognized valuer of used automobiles, showing a general fair market value between $12,000.00 and $12,300.00 for a 1978 Cadillac Seville equipped with specified optional equipment. To this amount, petitioner urges that we must add the cost of certain "extras" (e.g., leather seating area, rear window defogger, AM/FM stereo radio with tape player) which made his automobile more valuable than even the option-added models rated in the Red Book. [9] Even if we assume that the Red Book value most favorable to petitioner (i.e., $12,300.00) is accurate, that all "extras" shown on the bill of sale are outside of Red Book consideration, and that no depreciation of "extras" occurred so that their full cost (i.e., $1,577.00) can be added to Red Book value, the resulting total for fair market value is only $13,877.00. After receiving $14,021.00 as settlement from Allstate, petitioner has no uncompensated loss. *405 Deductions are a matter of legislative grace and, accordingly, petitioner bears the burden of proof as to his entitlement. New Colonial Ice Co. v. Helvering,292 U.S. 435 (1933); Welch v. Helvering,290 U.S. 111 (1933); see also Rule 142(a). Petitioner has failed to prove that the fair market value of the automobile was greater than that determined by respondent. Therefore, petitioner is entitled to no deduction in excess of that allowed by respondent. While sustaining respondent's determination, we note that adjustment is necessary to correct the mathematical error referred to in note 4, supra. To reflect the foregoing, Decision will be under Rule 155.
Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable year in issue. All rule references are to the tax Court Rules of Practice and Procedure.↩
2. The use of "petitioner" in the singular hereinafter refers to Pichai P. Wichacheewa.↩
3. Section 165 provides in relevant part: SEC. 165 LOSSES. (a) GENERAL RULE.--There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. (b) AMOUNT OF DEDUCTION.--For purposes of subsection (a), the basis for determining the amount of the deduction for any loss shall be the adjusted basis provided in section 1011 for determining the loss from the sale or other disposition of property. (c) LIMITATION ON LOSSES OF INDIVIDUALS.--In the case of an individual, the deduction under subsection (a) shall be limited to-- (3) losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft. A loss described in this paragraph shall be allowed only to the extent that the amount of loss to such individual arising from each casualty, or from each theft, exceeds $100. For purposes of the $100 limitation of the proceeding sentence, a husband and wife making a joint return under section 6013 for the taxable year in which the loss is allowed as a deduction shall be treated as one individual. (e) THEFT LOSSES.--For purposes of subsection (a), any loss arising from theft shall be treated as sustained during the taxable year in which the taxpayer discovers such loss.↩
4. The $711.05 amount is the actual figure used by respondent in his calculations. However, this figure is mathematically incorrect under respondent's own computation theory. The $711.05 figure is 5% of $14,221.00, $14,221.00 being 95% of the settlement amount of $14,021.00 plus the $200.00 deducted under policy provisions. This restoration of previously deducted amounts is necessary to arrive at fair market value as of date of theft. However, respondent should have added back 5% of the date of theft value, not 5% of the date of settlement value. The correct figure is 5% of $14,969.47, which is $748.47. When the settlement amount ($14,021.00) and the section 165(c)(3) exclusion amount ($100.00) are subtracted from $14,969.47, the remainder is $848.47. This amount, rather than $811.05, should be the amount of the deduction under section 165(a) if respondent prevails in this case.↩
5. See also Teitelbaum v. Commissioner,346 F.2d 266 (7th Cir. 1965), aff'g. a memorandum opinion of this Court; Wood v. Commissioner,T.C. Memo. 1971-125↩.
6. Supra↩ at 471.
7. See also Hollington v. Commissioner,T.C. Memo. 1956-132↩. 8. "Red Book Official Used Car Valuations," Canadian Red Book, National Market Reports, Inc.; Chicago, Ill. (1978). ↩
9. The record is inconclusive as to the cost of "extras. However, petitioner has attached to his brief a copy of the bill of sale for the automobile. This bill lists various "extras" and shows a total cost of $1,577.00 therefor. This figure is here assumed for purposes of argument only.↩