William F. SMITH, Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellee.

No. 89–2932.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 11, 1990.

Decided Feb. 5, 1991.

Lewis H. Mathis, Little Rock, Ark., for appellant.

David English Carmack, Washington, D.C., for appellee.

Before BOWMAN and WOLLMAN, Circuit Judges, and ROSS, Senior Circuit Judge.

ROSS, Senior Circuit Judge.

William F. Smith appeals from the grant of summary judgment in favor of the Commissioner of the Internal Revenue Service (Commissioner), based on the finding that the Commissioner's assessment of an increased tax deficiency was not precluded by the statute of limitations. We affirm.

I.

William F. Smith owned an interest in the partnerships of James Associates, Ltd. and Silverton 1976 during the years at issue in this case, 1976 and 1979. On April 15, 1977, Smith filed a federal income tax return for the calendar year 1976, claiming certain deductions relating to his interest in those partnerships.

Subsequent to filing this return, Smith twice consented to waive the statutorily prescribed time during which the Internal Revenue Service (IRS) could assess a tax deficiency for 1976. *See* 26 U.S.C. § 6501(a). First, in October 1979, Smith and the IRS executed Form 872, extending the statutory three-year period of limitations to December 31, 1980. In June of 1980, the parties executed a second consent, Form 872–A, which extended indefinitely the time during which the IRS could assess a deficiency for the 1976 taxable year. This second consent contained the following provision:

> The amount of any deficiency assessment is to be limited to that resulting from any adjustment to the distributive shares from:
>
> James Assoc. Ltd. EIN: 71–0484108
> Silverton 1976 EIN: 71–0484104
>
> and includes any amount resulting from statutory computations or recomputations based on such adjustment. The provisions of Section 6511(c), Internal Revenue Code of 1954, are limited to any refund or credit resulting from adjustments for which the period for assessment is extended under this agreement.

On May 22, 1980, prior to the execution of the second consent form, Smith applied for a tentative tax refund, showing a net operating loss of $74,355 for the taxable year ending December 1979, and requesting a carryback of this loss to his 1976 taxable year. The application for the tentative refund was allowed; the net operating loss was treated as a deduction in the 1976 taxable year, and a refund check for the taxable year 1976 was issued to Smith on July 7, 1980.

Thereafter, on August 18, 1981, the IRS mailed a notice of deficiency to Smith for the taxable year 1976, making several adjustments in Smith's taxable income and determining a deficiency in the amount of $27,191. Because the Commissioner had not completed the examination of Smith's 1979 tax return, however, he tentatively

allowed Smith's 1979 distributive share of James Associates, Ltd. net operating loss to be carried back to 1976, with the proviso that "the net operating loss deduction reflected herein is subject to correction upon examination of the tax return from which it originated." On September 25, 1981, Smith filed a petition for redetermination of the deficiency asserted in the August 18, 1981 notice of deficiency.

Following an examination of Smith's 1979 federal income tax return, the Commissioner determined, and Smith agreed, that James Associates, Ltd. had incurred no net operating loss in 1979 and accordingly the Commissioner disallowed the net operating loss carryback of $74,355 to Smith's 1976 taxable year. As a result, Smith's total deficiency for 1976 was $59,578 instead of $27,191 as reported in the original notice of deficiency. On August 10, 1988, the Commissioner filed a motion for leave to amend his answer in the ongoing tax court proceeding for the taxable year 1976, in order to assert an increased deficiency for 1976 resulting from the disallowance of the 1979 net operating loss. In his reply, Smith did not contest the merits of the increased deficiency, but contended instead that the period of limitations for assessment of deficiencies for 1976 income taxes had expired and the Commissioner was barred from amending his answer.

The tax court granted the motion to amend and on August 23, 1988, the Commissioner filed the amendment to his answer, claiming an increase in the deficiency for 1976 of approximately $32,387. In granting the Commissioner's motion for summary judgment on the statute of limitations issue, the tax court found that because the Commissioner could have asserted the increased deficiency in the original deficiency notice, he was not prohibited from asserting it during the pendency of the proceeding in court. The court went on to state that, under 26 U.S.C. § 6503(a)(1),

the filing of the petition with the tax court had suspended the limitations period with respect to the net operating loss carryback. Finally, the court concluded that the unambiguous language of the Form 872–A waiver, which became effective prior to the issuance of the deficiency notice and commencement of the court proceedings, permitted the Commissioner to assert any deficiency with respect to the distributive shares from James Associates, Ltd., including the 1979 adjustment.

Because the increased deficiency was not barred by the statutory period of limitations, and because Smith did not dispute the validity of the increased deficiency, the tax court granted the Commissioner's motion for summary judgment. After careful consideration of the record, briefs and arguments of the parties, we affirm.

## II.

This appeal involves the question whether the Commissioner's motion to amend his answer in order to assert an increased deficiency in income taxes for the year 1976 resulting from the disallowance of net operating losses claimed in 1979 and carried back to 1976, is barred by the statute of limitations. We hold that the statute of limitations does not bar the claim of the increased tax deficiency because of the exceptions to the general statute of limitations contained in 26 U.S.C. §§ 6503(a)(1) and 6501(c)(4).

As a general rule, the Commissioner must assess a tax liability within three years of the date the taxpayer files his return. 26 U.S.C. § 6501(a). However, there are exceptions to this general rule. The first exception relevant to the case before us is section 6503(a)(1), which tolls the statutory period of limitations when a proceeding with respect to a notice of deficiency is pending in tax court. Section 6503(a)(1)[1] provides that the running of the period of limitations provided in section

---

1. 26 U.S.C. § 6503(a)(1) provides:

    The running of the period of limitations provided in section 6501 ... on the making of assessments ..., shall (after the mailing of a notice [of deficiency]) be suspended for the period during which the Secretary is prohibited from

    making the assessment ... (and in any event, if a proceeding in respect of the deficiency is placed on the docket of the Tax Court, until the decision of the Tax Court becomes final), and for 60 days thereafter.

6501 shall, after the mailing of the notice of deficiency, be suspended once a proceeding with respect to the notice of deficiency is placed on the tax court docket, and will remain suspended until the decision of the tax court becomes final, and for sixty days thereafter.

A second exception to the general three-year period of limitations is found in 26 U.S.C. § 6501(c)(4), which provides that the taxpayer and the Secretary may agree in writing to an extended assessment period.[2]

Section 6501(h)[3] also establishes an exception to the general three-year limitations period. Section 6501(h) provides an enlargement of the general limitations period when a taxpayer carries back to the taxable year in question a net operating loss from a subsequent tax year. Section 6501(h) permits the Commissioner to assess a deficiency stemming from a net operating loss carryback deduction at any time before the expiration of the limitations period for the taxable year in which the net operating loss was created.

■ Based on these relevant statutes, we now turn to the analysis of the case before us. We begin our discussion by noting that the relevant tax year in this case is 1976, the year against which the challenged tax deficiency has been assessed. In June 1980, Smith and the Commissioner agreed in writing, as evidenced by Form 872–A, to extend indefinitely the statutory period of limitations for the year 1976 relating to adjustments to the distributive shares from James Associates, Ltd. By virtue of this agreement, the statute of limitations for the year 1976 remained open at the time the Commissioner's motion to amend his answer to assert an increased

deficiency for 1976 was filed. *See* 26 U.S.C. § 6501(c)(4).

We reject Smith's argument that Form 872–A was specifically limited to adjustments for distributive gain or loss from James Associates, Ltd. claimed in the year 1976. The plain language in Form 872–A broadly states that "[t]he amount of *any* deficiency assessment is to be limited to that resulting from *any* adjustment to the distributive shares from: James Assoc. Ltd." (Emphasis supplied). The clear wording of the consent form indicates that a 1976 deficiency could be assessed at any time if it arose from any adjustment to the distributive shares of James Associates, Ltd. for any year. We, therefore, conclude that the 1976 period of limitations with respect to the disallowance of the loss carryback resulting from an adjustment to Smith's 1979 distributive shares from James Associates, Ltd. was open under the special consent form.

■ Even if we were to accept Smith's argument that Form 872–A is ambiguous as to the intent of the parties, the statute of limitations for the taxable year 1976 had been tolled by virtue of 26 U.S.C. § 6503(a)(1), which provides that the filing of a petition with the tax court will suspend the statute of limitations found in 26 U.S.C. § 6501. On August 18, 1981, a statutory notice of deficiency was mailed to Smith relating to taxable year 1976. Then on September 25, 1981, Smith filed a petition with the tax court for redetermination of that notice of deficiency. By virtue of section 6503(a)(1), the three-year statute of limitations for the year 1976 was suspended on the date this petition was filed. The existence of an ongoing proceeding in tax court served to toll the statute of limita-

**2.** 26 U.S.C. § 6501(c)(4) provides:
Where, before the expiration of the time prescribed in this section for the assessment of any tax imposed by this title, ..., both the Secretary and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon.

**3.** 26 U.S.C. § 6501(h) provides:

Net operating loss or capital loss carrybacks.— In the case of a deficiency attributable to the application to the taxpayer of a net operating loss carryback or a capital loss carryback (including deficiencies which may be assessed pursuant to the provisions of section 6213(b)(3)), such deficiency may be assessed at any time before the expiration of the period within which a deficiency for the taxable year of the net operating loss or net capital loss which results in such carryback may be assessed.

tions for tax year 1976 throughout the course of the tax court proceedings and for 60 days thereafter. Those proceedings remained in progress at the time the Commissioner filed his motion to increase the asserted tax deficiency for the year 1976.

■ It is well settled that the Commissioner may assert an increased deficiency any time at or before trial in the tax court if he could have done so in the notice of deficiency, even if the statutory period of limitations has expired. In *Teitelbaum v. Commissioner*, 346 F.2d 266, 267 (7th Cir. 1965), the court stated:

> Where the original notice of assessment was timely mailed and the petition based thereon was filed within the allowed time, expiration of the statutory period of limitations does not bar assertion of claims for additional deficiencies in the pleadings prior to hearing if ... the claims could have been asserted in the original notice of deficiency.

(Citations omitted).

Here, Smith does not contest that the Commissioner "could have asserted" the additional deficiency against him when the original notice of deficiency was mailed to him. We conclude, therefore, that because of the provisions of sections 6501(c)(4) and 6503(a)(1), the statute of limitations remained open for taxable year 1976 at the time the Commissioner sought to amend his answer to include the increased deficiency resulting from the disallowed carryback deduction.

We also reject Smith's argument that the relevant statute of limitations is section 6501(h), which provides that the statutory period of limitations expires three years from the date the return is filed for the year the net operating loss was created, in this case—1979. Here, where the relevant tax year, 1976, remained open by virtue of either an extension agreement under section 6501(c)(4), or a pending tax court proceeding under section 6503(a)(1), we need not look to a more specific statute of limitations which would otherwise limit the government's ability to assess a tax deficiency. Section 6501(h) was intended to enlarge, not restrict, the government's ability to assess tax deficiencies resulting from erroneously allowed carryback deductions. We note the Supreme Court's admonishment in *Badaracco v. Commissioner*, 464 U.S. 386, 392, 104 S.Ct. 756, 761, 78 L.Ed.2d 549 (1984), that "limitations statutes barring the collection of taxes otherwise due and unpaid are strictly construed in favor of the Government."

■ Finally, we reject Smith's argument that the statutory period of limitations was not suspended under the provisions of section 6503(a)(1) when the notice of deficiency was mailed on August 18, 1981 and the tax court petition was filed on September 25, 1981, since the Commissioner was not prohibited from making an assessment of the erroneously allowed net operating loss carryback under the provisions of section 6213(b)(2) and (3). Contrary to Smith's argument, an assessment of a deficiency arising from the disallowance of a net operating loss as a math error is merely one of several remedies available to the Commissioner. *See Krieger v. Commissioner*, 64 T.C. 214, 216 (1975); *Neri v. Commissioner*, 54 T.C. 767, 771 (1970). The Commissioner has the option to seek to correct an erroneous refund through the use of standard deficiency procedures, as was done here.

Based on the foregoing, we affirm the tax court's finding that the period of limitations for determining a deficiency by reason of a loss carryback to the year 1976 from the year 1979 had not expired at the time the Commissioner sought to amend his answer to assert the increased deficiency. The judgment of the tax court is affirmed.