STEPHEN G. COLESTOCK AND SUSAN F. COLESTOCK,
PETITIONERS *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT

Docket No. 15398–91.  Filed March 1, 1994.

*Patricia A. Perell* and *Robert S. Brill*, for petitioners.
*Genelle F. Forsberg* and *Nancy B. Romano*, for respondent.

## OPINION

DAWSON, *Judge*: This case was assigned to Chief Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183.[1] The Court agrees with and adopts the opinion of the Chief Special Trial Judge, which is set forth below.

### OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, *Chief Special Trial Judge*: This matter is before the Court on a motion for partial summary judgment filed by Stephen G. Colestock and Susan F. Colestock (petitioners). Petitioners seek partial summary judgment that an increased deficiency and related additions to tax asserted by respondent in an amendment to answer are time barred by virtue of

---

[1] All section references are to the Internal Revenue Code in effect for the year in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.

the general 3-year period of limitations prescribed in section 6501(a).

The issue for decision concerns the scope of the 6-year period of limitations prescribed in section 6501(e)(1)(A). Specifically, we must decide whether section 6501(e)(1)(A) extends the assessment period with respect to a taxpayer's entire tax liability for a particular taxable year or whether the provision simply extends the period for assessment with respect to those items constituting a substantial omission of gross income.

Summary judgment is appropriate "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b); *Zaentz v. Commissioner*, 90 T.C. 753, 754 (1988); *Naftel v. Commissioner*, 85 T.C. 527, 529 (1985). The parties are in agreement as to the material facts pertinent to the disposition of petitioners' motion. In light of the nature of the issue in dispute, we find that partial summary adjudication is appropriate.[2]

## Background

On or about April 22, 1985, petitioners filed a joint Federal income tax return for the 1984 taxable year. Petitioners filed an amended return for 1984 on or about October 28, 1985.

By statutory notice of deficiency dated April 15, 1991, respondent determined deficiencies in and additions to petitioners' Federal income tax for the 1984 taxable year as follows:

*Additions to tax*

| Deficiency | Sec. 6653(a)(1) | Sec. 6653(a)(2) | Sec. 6661 |
|------------|-----------------|-----------------|-----------|
| $655,456 | $32,773 | [1] | $163,864 |

[1] 50 percent of the interest due on $655,456.

The deficiency in tax is attributable to respondent's determination that petitioners failed to report taxable income aris-

---

[2] We will dispose of petitioners' motion for partial summary judgment based on the pleadings, respondent's motion for leave to file amendment to answer out of time, and the memoranda supporting the motions.

ing from transactions involving a corporation known as Hunter Industries, Inc.

Petitioners filed a timely petition for redetermination with this Court. The petition includes an affirmative allegation that respondent erred in issuing a deficiency notice to petitioners more than 3 years after the filing of petitioners' tax return for the 1984 taxable year. Respondent filed a timely answer to the petition, including therein an allegation that the 6-year period of limitations set forth in section 6501(e)(1)(A) is applicable in this case. Petitioners filed a reply to respondent's answer in which they allege that the 6-year period of limitations does not apply.

Respondent subsequently filed a motion for leave to file an amendment to answer out of time and lodged an amendment to answer with the Court. We granted respondent's motion for leave to file an amendment to answer out of time over petitioners' objection, and respondent's amendment to answer was filed. Respondent's amendment to answer includes allegations that petitioners are liable for an increased deficiency and additions to tax as the result of the disallowance of a portion of a depreciation deduction claimed on petitioners' 1984 return. Petitioners filed a reply to respondent's amendment to answer in which they deny the allegations set forth in the amendment to answer and allege that respondent is barred by the applicable period of limitations from claiming the increased deficiency.

In their motion for partial summary judgment, petitioners argue that the general 3-year period of limitations prescribed in section 6501(a) bars respondent from seeking the increased deficiency and additions to tax set forth in respondent's amendment to answer. In conjunction with this argument, petitioners maintain that respondent cannot rely on the 6-year period of limitations prescribed in section 6501(e)(1)(A) because that provision only applies to items of omitted gross income in excess of 25 percent of the amount of gross income reported in the particular return. Respondent objects to petitioners' motion for partial summary judgment asserting that the 6-year period of limitations does apply to the increased deficiency, notwithstanding that it is attributable to a disallowed depreciation deduction, so long as respondent can otherwise establish a substantial omission of gross income on petitioners' 1984 return.

*Discussion*

Section 6501(a) establishes the general rule that a deficiency in Federal income tax will be assessed within 3 years after the date that the taxpayer files his tax return. Section 6501(a) provides in pertinent part:

SEC. 6501(a). GENERAL RULE.—Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) * * * and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period.

There are a number of exceptions to the general 3-year period of limitations set forth in section 6501(a). Section 6501(e)(1)(A), the provision relied upon by respondent in the instant case, provides a 6-year period of limitations where there is a substantial omission of gross income on the taxpayer's return. Subsection (e)(1)(A) provides in pertinent part:

SEC. 6501(e). SUBSTANTIAL OMISSION OF ITEMS.—Except as otherwise provided in subsection (c)—
    (1) INCOME TAXES.—In the case of any tax imposed by subtitle A—
    (A) GENERAL RULE.—If the taxpayer omits from gross income an amount properly includable therein which is in excess of 25 percent of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 6 years after the return was filed. * * *

Respondent bears the burden of proving an omission of more than 25 percent of the amount of gross income stated in the return. *Stratton v. Commissioner*, 54 T.C. 255, 289, modified by 54 T.C. 1351 (1970); *Reis v. Commissioner*, 1 T.C. 9 (1942), affd. 142 F.2d 900 (6th Cir. 1944).

Section 6503(a)(1) provides for the suspension of the running of the applicable period of limitations under section 6501 upon the issuance of a statutory notice of deficiency. Section 6503(a)(1) provides in pertinent part:

SEC. 6503(a). ISSUANCE OF STATUTORY NOTICE OF DEFICIENCY.—
    (1) GENERAL RULE.—The running of the period of limitations provided in section 6501 * * * on the making of assessments * * * in respect of any deficiency as defined in section 6211 * * * shall (after the mailing of a notice under section 6212(a)) be suspended for the period during

which the Secretary is prohibited from making the assessment * * * (and in any event, if a proceeding in respect of the deficiency is placed on the docket of the Tax Court, until the decision of the Tax Court becomes final), and for 60 days thereafter.

Section 6213(a) in turn provides that, upon the issuance of a deficiency notice, respondent is precluded from assessing a deficiency in Federal income tax throughout the 90-day (or 150-day) period during which the taxpayer may file a petition for redetermination with the Tax Court. *Powerstein v. Commissioner*, 99 T.C. 466, 471 (1992). Thus, read together, sections 6503(a)(1) and 6213(a) provide that the applicable period of limitations under section 6501 is tolled from the time respondent issues a deficiency notice until the later of the expiration of the 90- or 150-day period for filing a petition or, if a petition is filed, the date the decision of the Tax Court becomes final, plus 60 days.

The Tax Court is authorized to redetermine a deficiency greater than that set forth in the deficiency notice mailed to the taxpayer. In this regard, section 6214(a) provides in pertinent part:

SEC. 6214(a). JURISDICTION AS TO INCREASE OF DEFICIENCY, ADDITIONAL AMOUNTS, OR ADDITIONS TO THE TAX.—Except as provided by section 7463, the Tax Court shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the taxpayer, and to determine whether any additional amount, or any addition to the tax should be assessed, if claim therefor is asserted by the Secretary at or before the hearing or a rehearing.

In sum, respondent generally may claim an increased deficiency any time at or before trial in the Tax Court if such deficiency could have been included in the original notice of deficiency mailed to the taxpayer. *Smith v. Commissioner*, 925 F.2d 250, 254 (8th Cir. 1991), affg. T.C. Memo. 1989–432; *Teitelbaum v. Commissioner*, 346 F.2d 266, 267 (7th Cir. 1965), affg. T.C. Memo. 1964–141.

As indicated, petitioners assert that the increased deficiency and additions to tax set forth in respondent's amendment to answer could not have been included in the original deficiency notice that was mailed to petitioners almost 6 years after the filing of their 1984 return. In petitioners' view, a deficiency notice issued under the 6-year period of limitations prescribed in section 6501(e)(1)(A) may only

include deficiencies in tax directly attributable to items constituting a substantial omission of gross income. Because the increased deficiency and related additions to tax that respondent asserts in her amendment to answer are attributable to the disallowance of a depreciation deduction (as opposed to an item of omitted gross income), petitioners contend that the 6-year period of limitations under section 6501(e)(1)(A) is not applicable and that respondent's determination with respect to the depreciation item is otherwise barred under section 6501(a). Respondent reads section 6501(e)(1)(A) more broadly.

The parties' divergent interpretations of section 6501(e)(1)(A) are based on a comparison of that provision with section 6501(c)(1) and (h), both of which serve as exceptions to the general 3-year period of limitations prescribed in section 6501(a). Before relating the parties' arguments in detail, we will briefly review these two sections.

Section 6501(c)(1) provides that there are no time limitations on the assessment of tax arising from a false or fraudulent return. Subsection (c)(1) provides in pertinent part:

SEC. 6501(c). EXCEPTIONS.—

(1) FALSE RETURN.—In the case of a false or fraudulent return with the intent to evade tax, the tax may be assessed, or a proceeding in court for collection of such tax may be begun without assessment, at any time.

Thus, where fraud is alleged and proven, respondent is free to determine a deficiency with respect to all items for the particular taxable year without regard to the period of limitations. *Lowy v. Commissioner*, 288 F.2d 517, 520 (2d Cir. 1961), affg. T.C. Memo. 1960–32; *Holder v. Commissioner*, T.C. Memo. 1991–154.

Section 6501(h) provides a specific exception with respect to a deficiency attributable to a net operating loss or a capital loss carryback. Subsection (h) provides in pertinent part:

SEC. 6501(h). NET OPERATING LOSS OR CAPITAL LOSS CARRYBACKS.—In the case of a deficiency attributable to the application to the taxpayer of a net operating loss carryback or a capital loss carryback * * * such deficiency may be assessed at any time before the expiration of the period within which a deficiency for the taxable year of the net operating loss or net capital loss which results in such carryback may be assessed.

This provision has been interpreted as a limited exception to the general 3-year period of limitations and is applicable only

with respect to a deficiency attributable to the extraordinary items listed therein. *Deakman-Wells Co. v. Commissioner*, 213 F.2d 894, 898 (3d Cir. 1954), revg. and remanding 20 T.C. 610 (1953).

Petitioners liken section 6501(e)(1)(A) to section 6501(h). In particular, petitioners argue that

A careful analysis of the language of section 6501(e) as compared to the fraud section (6501(c)) or the NOL section (6501(h)) illustrates that the deficiency is limited to the omitted gross income amount. "The tax" in section 6501(e) relates back to the "amount" omitted from gross income. This parallels the language in section 6501(h) in which the "such deficiency" relates back to the deficiency attributable to the net operating loss or capital loss carryback. It also parallels section 6501(c) in which "the tax" relates back to a false or fraudulent *return,* not a false or fraudulent *item* on the return.

* * * Only in section 6501(c) does the language refer to the return. Here clearly the six year statute applies to the entire return. However in both section 6501(e) and section 6501(h) the statutory language limits the deficiency to the specific exception items.

Such an interpretation is also consistent with the rationale for the exception. The ability of the Commissioner to assess a deficiency with respect to a substantial omission of income is to provide the Commissioner more time where an undisclosed item of gross income is substantial and omitted. In such circumstance, the exception should not be extended to allow the Commissioner power to "piggyback" on to the six year statute, an additional deficiency which by itself could only be asserted under the general three year statute of limitations rule.

Respondent undertakes a similar comparison of the limitation provisions and concludes that section 6501(e)(1)(A) is properly interpreted as extending the period of limitations with respect to the taxpayer's entire tax liability for the particular taxable year.[3] Respondent focuses on the phrase "the tax may be assessed" appearing in both subsections (c)(1) and (e)(1)(A). Respondent argues that, absent express language limiting the scope of subsection (e)(1)(A), the phrase "the tax may be assessed" should be interpreted to refer to the entire tax liability for the particular taxable year consistent with the interpretation of the same phrase under subsection (c)(1).

---

[3] Respondent correctly points out that in practice the Court has applied sec. 6501(e)(1)(A) broadly to allow for a determination with respect to all items for the particular taxable year. See *Estate of Miller v. Commissioner*, 42 T.C. 593 (1964); *Nevitt v. Commissioner*, 20 T.C. 318 (1953); *Sutor v. Commissioner*, 17 T.C. 64 (1951); *Rinehart v. Commissioner*, T.C. Memo. 1983–184.

Neither party cites a case involving the specific question presented.

As a preliminary matter, we observe that the parties' comparisons of the various provisions set forth in section 6501 result in conflicting, yet fairly plausible, interpretations of section 6501(e)(1)(A). Nonetheless, an analysis of the provision in conjunction with a review of its legislative history compels the conclusion that petitioners' interpretation must fail.

It has been said that limitations statutes barring the collection of taxes otherwise due and unpaid are strictly construed in favor of respondent. See *Badaracco v. Commissioner*, 464 U.S. 386, 391–392 (1984); see also *Bufferd v. Commissioner*, 506 U.S. ____, 113 S. Ct. 927, 930 n.6 (1993); *Northern Ind. Pub. Serv. Co. v. Commissioner*, 101 T.C. 294, 300 (1993); *Estate of Smith v. Commissioner*, 94 T.C. 872, 874 (1990). Further, it is a well-established rule of statutory construction that statutes are to be construed so as to give effect to their plain and ordinary meaning unless to do so would produce absurd or futile results. *United States v. American Trucking Associations*, 310 U.S. 534, 543–544 (1940).

We begin our analysis with section 6501(a), which establishes the general rule that "the amount of *any tax* imposed by this title shall be assessed within 3 years after the return was filed" (emphasis added). Together with section 6503(a), this provision sets forth the rule that respondent generally will have 3 years from the date a return is filed to examine the return, determine whether the taxpayer properly reported his tax liability, and issue a deficiency notice.

As previously noted, section 6501 contains several exceptions to the general rule set forth in subsection (a). Prominent among these is the exception for fraud contained in section 6501(c)(1) (quoted above). In our view, this provision can only be understood with reference back to section 6501(a). Specifically, the language "the tax may be assessed * * * at any time" in section 6501(c)(1) undoubtedly refers to "any tax imposed by this title" mentioned in section 6501(a). The courts have uniformly interpreted the provision in this fashion, and thus, where fraud is proven, respondent may make a determination with respect to any item for the particular taxable year without regard to the period of limitations. See

*Lowy v. Commissioner*, 288 F.2d 517, 520 (2d Cir. 1961), affg. T.C. Memo. 1960–32.

We read section 6501(e)(1)(A) in a similar manner. In *Reis v. Commissioner*, 1 T.C. 9, 12 (1942), affd. 142 F.2d 900 (6th Cir. 1944), we recognized that

section 275(c) [a predecessor to section 6501(e)(1)(A)] is not an independent section setting up a statute of limitations different from, and unconnected with, the limitation set up in section 275(a) [a predecessor to section 6501(a)], * * * and that it "extends the statutory period for assessment." * * *

Notably, the prefatory language of subsection (e)(1) provides that the provision covers "any tax imposed by subtitle A"— a reference to the Federal income tax. In this regard, we interpret the phrase "the tax may be assessed * * * at any time within 6 years after the return was filed" as referring to *any tax* imposed by subtitle A for the particular taxable year. Sec. 6501(e)(1)(A). In other words, if the taxpayer omits the requisite amount of gross income from his return, the taxpayer's entire tax liability for the particular taxable year is subject to the 6-year limitations period.

We reject petitioners' interpretation of section 6501(e)(1)(A) under which the phrase "the tax may be assessed" is read as referring solely to a deficiency in tax resulting from an omission of gross income from the return. In our view, Congress would have used more exacting language if petitioners' interpretation were intended. Cf. sec. 6501(h). In the absence of such exacting terms, we decline to otherwise limit the scope of section 6501(e)(1)(A).

Our interpretation of section 6501(e)(1)(A) finds support in the legislative history of the provision. Section 6501(e)(1)(A) was originally codified as section 275(c) under the Revenue Act of 1934, ch. 277, tit. I, 48 Stat. 680.[4] As originally introduced in a preliminary report of a subcommittee of the House Committee on Ways and Means, however, a proposal was made to add the provision to then-existing section 276 of the Revenue Act of 1934. The preliminary report states in pertinent part:

---

[4] As originally enacted, sec. 275(c) provided for a 5-year period of limitations. The statute was amended to provide for a 6-year period of limitations and redesignated sec. 6501(e)(1)(A) when carried forward into the Internal Revenue Code of 1954, ch. 66, 68A Stat. 803.

Section 276 provides for the assessment of the tax without regard to the statute of limitations in case of a failure to file a return or in case of a false or fraudulent return with intent to evade tax.

Your subcommittee is of the opinion that the limitation period on assessments should also not apply to certain cases where the taxpayer has understated his gross income on his return by a large amount, even though fraud with intent to evade tax cannot be established. It is, therefore, recommended that the statute of limitations shall not apply where the taxpayer has failed to disclose in his return an amount of gross income in excess of 25 percent of the amount of the gross income stated in the return. The Government should not be penalized when a taxpayer is so negligent as to leave out items of such magnitude from his return. [Preliminary Report to the House Comm. on Ways and Means, 73d Cong., 2d Sess. 21 (Comm. Print 1933).]

The subcommittee's proposal was debated by Congressman Cooper, speaking on behalf of the subcommittee, and Mr. Roswell Magill, speaking on behalf of the Department of the Treasury, in hearings held before the Committee on Ways and Means as follows:

Mr. COOPER. What we really had in mind was just this kind of situation: Assume that a taxpayer left out, say, a million dollars; he just forgot it. We felt that whenever we found that he did that we ought to get the money on it, the tax on it.

Mr. MAGILL. I will not argue against you on that score.

Mr. COOPER. In other words, if a man is so negligent and so forgetful, or whatever the reason is, that he overlooks an item amounting to as much as 25 percent of his gross income, then we simply ought to have the opportunity of getting the tax on that amount of money.

[Hearings on H.R. 7835 Before the House Comm. on Ways and Means, 73d Cong., 2d Sess. 149 (1934).]

The subcommittee's proposal was adopted by the House Committee on Ways and Means as reflected in H. Rept. 704, 73d Cong., 2d Sess. 35 (1934), which states:

Section 276(a). No return or false return: The present law permits the Government to assess the tax without regard to the statute of limitations in case of failure to file a return or in case of a fraudulent return. The change in this section continues this policy, but enlarges the scope of this provision to include cases wherein the taxpayer understates gross income on his return by an amount which is in excess of 25 percent of the gross income stated in the return. It is not believed that taxpayers who are so negligent as to leave out of their returns items of such magnitude should be accorded the privilege of pleading the bar of the statute.

The Senate Committee on Finance took a slightly different approach to the issue as reflected in S. Rept. 558, 73d Cong., 2d Sess. 43–44 (1934), which states in pertinent part:

Your committee is in general accord with the policy expressed in this section of the House bill. However, it is believed that in the case of a taxpayer who makes an honest mistake, it would be unfair to keep the statute open indefinitely. * * * Accordingly, your committee has provided for a 5-year statute in such cases.

In sum, the Committee on Finance resolved that, in fairness to the taxpayer, the period of limitations should be held to 5 years as opposed to allowing the assessment period to stay open indefinitely.[5] H. Conf. Rept. 1385, 73d Cong., 2d Sess. 25 (1939), 1939–2 C.B. (Part 2) 627, 634, reveals that the Committee on Ways and Means accepted the change proposed by the Senate.

Viewed in its entirety, the legislative history indicates that Congress intended for the extended period of limitations under former section 275(c) to apply broadly in the same general manner as in the case of a fraudulent return. While the above-quoted colloquy between Congressman Cooper and Mr. Magill lends some support to petitioners' interpretation of the provision, we do not find the material sufficient to carry the day for petitioners. Neither its text nor legislative history limits the scope of the statute as petitioners contend.

Based on the preceding discussion, we conclude that, if the 6-year period of limitations is otherwise applicable, respondent was not barred at the time of the issuance of the deficiency notice in this case from determining a deficiency attributable to the disallowed depreciation deduction. It follows that respondent is not precluded from claiming an increased deficiency with respect to that item in her amendment to answer. See *Teitelbaum v. Commissioner*, 346 F.2d 266, 267 (7th Cir. 1965), affg. T.C. Memo. 1964–141. Of course, should respondent fail to prove that there was an omission of more than 25 percent of the amount of gross income stated in petitioners' return, then respondent would be barred from assessing both the deficiency determined in

---

[5] For reasons that are not apparent in its report, the Senate Committee on Finance provided for the codification of the provision under subsec. (c) of existing sec. 275.

the notice of deficiency and the additional deficiency asserted in the amendment to answer.

To reflect the foregoing,

> *An order denying petitioners' motion for partial summary judgment will be issued.*

